**The STATE, ex rel. DORSEY,**

**v.**

**HAINES, Sheriff.**

[Cite as *State, ex rel. Dorsey v. Haines* (1991), 63 Ohio App.3d 580.]

Court of Appeals of Ohio,
Montgomery County.

Nos. CA 12879, CA 12882.

Decided June 7, 1991.

Daniel E. Kinane, County Public Defender, and *Gordon Lewis*, for relator.

*Ted E. Millspaugh* and *Frances McGee*, Assistant Prosecuting Attorneys, for respondent.

---

*Per Curiam.*

This day came Gary Haines, Sheriff of Montgomery County, to whom a writ of habeas corpus was directed upon the application of Sharron Dorsey, and having with him the body of Sharron Dorsey together with said writ; and, thereupon, the proofs and allegations of the parties being heard and considered, the court finds that Sharron Dorsey is being held as a material witness pursuant to the provisions of R.C. 2937.16 through 2937.18 and 2941.48 in the custody of Sheriff Gary Haines. The court further finds that the warrant by which Dorsey is detained was issued without the most fundamental rudiments of constitutional due process. Specifically, it appears from the proof that a bare entry and order was presented for signing to a judge of the Montgomery County Common Pleas Court, unattended by even so much as an affidavit alleging those facts from which the trial court could

find, as it did, that Dorsey's detention would be necessary to procure her attendance as a witness at a criminal trial. We find that the method by which the warrant was issued does not satisfy the requirements of constitutional due process pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States.

Pursuant to Section 14, Article I of the Ohio Constitution:

"The right of the people to be secure in their persons * * * against unreasonable searches and seizures shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched and the person and things to be seized."

■ We conclude that, at a minimum, a warrant to detain a material witness must be supported by probable cause, supported by oath or affirmation, to believe that the witness is material and that the detention of the witness is necessary to procure her attendance at trial.

Accordingly, the court finds that Sharron Dorsey is illegally detained by Sheriff Haines, and it is therefore ordered that Sharron Dorsey be and is hereby discharged from the custody of Sheriff Haines, and that she go hence without delay, and that the costs of this proceeding be paid by the county treasurer on the warrant of the county auditor as provided by law.

*So ordered.*

FAIN, P.J., and GRADY, J., concur.