THE STATE OF OHIO, APPELLEE, *v.* MYERS, APPELLANT.

[Cite as *State v. Myers,* 102 Ohio St.3d 318, 2004-Ohio-3075.]

(No. 2004–0029—Submitted May 11, 2004—Decided June 30, 2004.)

**Per Curiam.**

{¶ 1} Appellant, David L. Myers, challenges the denial of his application to reopen his direct appeal under App.R. 26(B).

{¶ 2} Myers was convicted of the aggravated murder of Amanda Maher and sentenced to death. The court of appeals affirmed his conviction and death sentence. *State v. Myers* (Feb. 12, 1999), Greene App. No. 96CA38, 1999 WL 94917. On December 13, 2002, we affirmed Myers's conviction and death sentence. *State v. Myers,* 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186. On December 31, 2002, we denied appellant's motion for reconsideration. *State v. Myers,* 97 Ohio St.3d 1500, 2002-Ohio-7367, 780 N.E.2d 1023. On June 2, 2003, the United States Supreme Court denied Myers's petition for a writ of certiorari. *Myers v. Ohio* (2003), 539 U.S. 906, 123 S.Ct. 2254, 156 L.Ed.2d 116.

{¶ 3} Myers filed a petition for postconviction relief in the court of common pleas. The trial court granted summary judgment in favor of the state. The court of appeals affirmed the denial of postconviction relief. *State v. Myers,* Greene App. No. 2000–CA–35, 2001-Ohio-1487, 2001 WL 929934. On January 29, 2003, we declined to accept Myers's appeal. *State v. Myers,* 98 Ohio St.3d 1422, 2003-Ohio-259, 782 N.E.2d 77.

{¶ 4} On October 1, 2003, Myers filed a motion to reopen his appeal before this court, claiming ineffective assistance of appellate counsel in his direct appeal before this court. On November 26, 2003, we denied his motion to reopen and granted the state's motion to set an execution date. *State v. Myers*, 100 Ohio St.3d 1505, 2003-Ohio-6161, 799 N.E.2d 184.

{¶ 5} Myers also filed an application to reopen his appeal in the court of appeals pursuant to App.R. 26(B), alleging ineffective assistance of appellate counsel in the court of appeals. The court of appeals denied the application on the grounds that it was filed more than four years after the original appellate judgment upholding his conviction and ruled the application time-barred. The court further held, "[W]e cannot find that any of the matters he raises in his application as grounds for his claim of ineffective assistance of appellate counsel would likely produce a different outcome had they been presented as grounds for relief in his merit appeal, and that, in fact, the same were for the most part raised, considered, and rejected." *State v. Myers* (Dec. 1, 2003), Greene App. No. 96CA0038.

{¶ 6} The cause is now before this court upon an appeal as of right.

{¶ 7} We affirm the judgment of the court of appeals. In Myers's proposition III, he fails to show good cause as to why his untimely application for reopening before the court of appeals should be accepted. Myers does not explain why counsel failed to file the application for reopening for over four years subsequent to counsel's appointment as Myers's postconviction counsel. See *State v. Fox* (1998), 83 Ohio St.3d 514, 700 N.E.2d 1253.

{¶ 8} Moreover, the claims Myers raises lack merit. The two-pronged analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess whether Myers has raised a "genuine issue" as to the ineffectiveness of appellate counsel in his request to reopen under App.R. 26(B)(5). See *State v. Spivey* (1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696. To show ineffective assistance, Myers must prove that his counsel were deficient in failing to raise the issues he now presents and that there was a reasonable probability of success had they presented those claims on appeal. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.

{¶ 9} To justify reopening his appeal, Myers "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d at 25, 701 N.E.2d 696.

{¶ 10} *Strickland* charges us to "apply[ ] a heavy measure of deference to counsel's judgments," 466 U.S. at 691, 104 S.Ct. 2052, 80 L.Ed.2d 674, and to "indulge a strong presumption that counsel's conduct falls within the wide range

of reasonable professional assistance." Id., 466 U.S. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674. Further, appellate counsel need not raise every possible issue in order to render constitutionally effective assistance. See *Jones v. Barnes* (1983), 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987; *State v. Sanders* (2002), 94 Ohio St.3d 150, 761 N.E.2d 18.

{¶ 11} As to Myers's arguments on the merits, he alleges 25 assignments of error in proposition I that he claims counsel should have raised in his direct appeal before the court of appeals. However, in none of the cited instances does Myers raise "a *genuine issue* as to whether [he] was deprived of the effective assistance of counsel on appeal" before the court of appeals, as required by App.R. 26(B)(5). (Emphasis added.) Moreover, with very minor exceptions, these 25 assignments of error raised by Myers are identical to the 25 assignments of error previously filed in this court and rejected by us in November 2003. *State v. Myers*, 100 Ohio St.3d 1505, 2003-Ohio-6161, 799 N.E.2d 184. A review of the 25 assignments of error that Myers claims appellate counsel should have raised indicates that none has merit.

{¶ 12} Contrary to his assertions in proposition II, Myers fails to demonstrate that the procedures set forth in App.R. 26 and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, are unconstitutional under *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493; and *Smith v. Robbins* (2000), 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756.

{¶ 13} Based on all the forgoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

―――――――

William F. Schenck, Greene County Prosecuting Attorney, and Robert K. Hendrix, Assistant Prosecuting Attorney, for appellee.

Carol A. Wright and David C. Stebbins, for appellant.