[Cite as *State v. McGowen*, 2016-Ohio-48.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 14 JE 37 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| FREDERICK McGOWAN, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Appellant's application for reopening.

JUDGMENT:    Denied.

APPEARANCES:
For Plaintiff-Appellee:

Atty. Jane M. Hanlin
Prosecuting Attorney
Jefferson County Justice Center
16001 State Route 7
Steubenville, Ohio 43952

For Defendant-Appellant:

Frederick McGowen, *pro se*
#A 662-710
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, Ohio  43950

JUDGES:
Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  January 4, 2016

PER CURIAM.

**{¶1}** On November 9, 2015, Defendant-Appellant Frederick McGowan filed a timely application for reopening pursuant to App.R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this Court in *State v. McGowan*, 7th Dist. No. 14 JE 37, 2015–Ohio–3429, where we affirmed his convictions and sentences for felony drug offenses.

**{¶2}** An application for reopening must be granted "if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). The appropriate standard to determine whether a defendant has received ineffective assistance of appellate counsel is the two-pronged analysis found in *Strickland*. *State v. Were*, 120 Ohio St.3d 85, 2008–Ohio–5277, 896 N.E.2d 699, ¶ 10, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Therefore, the applicant must prove that his counsel was deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998). To justify reopening his appeal, the applicant "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Myers*, 102 Ohio St.3d 318, 2004–Ohio–3075, 810 N.E.2d 436, ¶ 9; *Spivey*.

**{¶3}** Appellant cannot meet this burden. His basis for reopening is that appellate counsel failed to raise the issue of whether there was sufficient evidence to find him guilty of possession of heroin. In his direct appeal, appellate counsel raised two assignments of error. In the first assignment of error, appellate counsel argued that the possession of heroin and possession of cocaine convictions were against the manifest weight of the evidence. We found no merit with that argument. *McGowan*, 2015-Ohio-3429 at ¶ 11-26.

**{¶4}** It is widely recognized that "a finding that a conviction is supported by the manifest weight of the evidence necessarily includes a finding of sufficiency." *State v. Brady*, 7th Dist. No. 13 MA 88, 2014-Ohio-5721, ¶ 26, quoting *State v.*

*Gravely*, 188 Ohio App.3d 825, 2010-Ohio-3379, 188 N.E.2d 825 ,¶ 46 (10th Dist.). *See also State v. Boyd*, 6th Dist. No. OT-06-034, 2008-Ohio-1229, ¶ 24 ("A conclusion that convictions are not against the manifest weight of the evidence necessarily encompasses a conclusion that the convictions are supported by sufficient evidence."). Many of the arguments presented in that first assignment of error as a basis to assert the convictions were against the manifest weight of the evidence are now being used to make an argument that there was insufficient evidence to support the possession of heroin conviction. Based on the above law, since this court found those arguments did not establish that the convictions were against the manifest weight of the evidence, those arguments also fail to establish there was insufficient evidence. In other words, our determination that the conviction was supported by the manifest weight of the evidence necessarily included a finding of sufficiency. The sufficiency argument has no reasonable probability of success. Accordingly, Appellant fails to present a colorable claim of ineffective assistance of counsel.

**{¶5}** Application of reopening is denied.


Robb, J., concurs.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.