[Cite as *State v. Hollins*, 2016-Ohio-5521.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103864**

**STATE OF OHIO**

PLAINTIFF-APPELLANT

vs.

**TAVION M. HOLLINS**

DEFENDANT-APPELLEE

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-596960-A

**BEFORE:** Keough, P.J., E.A. Gallagher, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** August 25, 2016

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Adam M. Chaloupka
        Carl Mazzone
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Thomas A. Rein
700 West St. Clair Avenue
Hoyt Block Building, Suite 212
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Plaintiff-appellant, the state of Ohio, appeals from the trial court's judgment denying its motion for a material witness warrant and dismissing the indictment against defendant-appellee, Tavion Hollins. Finding merit to the appeal, we reverse and remand.

I. Background

{¶2} In July 2015, Hollins was indicted on two counts of aggravated burglary, two counts of kidnapping, and two counts of felonious assault. The indictment related to an incident involving April Bailey, the mother of Hollins's child. Bailey sustained extensive injuries during the alleged assault, including a fractured orbital bone.

{¶3} The case was set for trial on October 13, 2015. Despite being subpoenaed, Bailey did not appear to give her testimony. The prosecutor informed the court that in a telephone conversation several days earlier, Bailey had acknowledged receipt of the subpoena and told him she would appear at trial. However, when the prosecutor started questioning Bailey about the incident, she hung up on him. The prosecutor tried to call Bailey several more times but the calls went directly to voicemail, and Bailey did not respond to the messages left by the prosecutor.

{¶4} The prosecutor also told the court that the state had offered Hollins a plea deal, but if he did not accept the plea agreement, the state would ask for a continuance of trial and seek a material witness warrant to compel Bailey's testimony at trial.

{¶5} Hollins initially accepted the plea agreement but changed his mind during the plea colloquy with the court. The trial court then granted the state's request for a continuance of trial until November 2, 2015.

**{¶6}** The state subsequently re-subpoenaed its witnesses, including Bailey, who was personally served. The prosecutor again tried to contact Bailey by telephone, but the calls went directly to voicemail. The prosecutor left messages requesting a return call but Bailey did not return the calls.

**{¶7}** Accordingly, on October 26, 2015, the state filed a motion pursuant to R.C. 2941.48 for a material witness warrant regarding Bailey. In the accompanying affidavit, the prosecutor averred that Bailey was a material witness because she was the alleged victim and eyewitness of Hollins's alleged criminal conduct. The state also stated its belief that Bailey would not appear for trial. The trial court did not rule on the state's motion prior to trial.

**{¶8}** When the case was called for trial on November 2, 2015, Bailey was again absent. The prosecutor asked the court to grant the material witness warrant, asserting that the state could not proceed at trial without Bailey. Defense counsel asked that the case be dismissed due to Bailey's absence.

**{¶9}** In response to the court's question regarding whether the prosecutor had ever spoken with Bailey, the prosecutor said that he had spoken with her before the first trial, and she had told him that she would appear at trial but would not testify. The court then asked whether Bailey had indicated that she was afraid to appear. The prosecutor responded that Bailey had told him that she was not happy with a separate police investigation involving a family member who had been the victim of a crime "so she had no intention of cooperating now."

**{¶10}** The prosecutor told the court that even though Bailey had refused to sign a medical release form through the prosecutor's office, he had obtained her medical records because she had signed a release at the hospital. He stated that the records reflected "horrific" injuries.

**{¶11}** The trial court then denied the state's motion for a material witness warrant and dismissed the indictment without prejudice. It reasoned:

> Okay. And she did not sign the release with the prosecutor's office. There was one already signed at the hospital. That's how you were able to get the records. She's indicated that she does not want to cooperate in this case. She's further indicated that even if she was forced to come down that she would not testify. With those facts on the record, the court will deny the defendant's — the plaintiff's motion for material witness warrant.
>
> This matter will be dismissed without prejudice, which means, Mr. Hollins, at any time if the state — if the victim in this case decides to bring charges, the state of Ohio will be free to bring those charges against you and bring you right back in custody.

**{¶12}** The trial court's subsequent journal entry dismissing the case stated:

> Case is called for trial. Victim did not appear for the second time for trial. The state's motion for material witness warrant is denied. Case is dismissed without prejudice. Defendant ordered released.

**{¶13}** This appeal by the state of Ohio followed.

II.    Analysis

**{¶14}** In its single assignment of error, the state contends that the trial court erred in dismissing the indictment because Bailey twice did not appear to testify. The state argues that the trial court should have instead granted its request for a material witness warrant to compel Bailey's presence and testimony at trial.

**{¶15}** Initially, we note that pursuant to R.C. 2945.67(A), the state may appeal the dismissal of an indictment whether the dismissal is with or without prejudice. *State v. Craig*, 116 Ohio St.3d 135, 2007-Ohio-5752, 876 N.E.2d 975, ¶ 16.

**{¶16}** Generally, a court has inherent power to regulate the practice before it and protect the integrity of its proceedings, which includes a court's power to sua sponte dismiss a criminal

case. *State v. Busch*, 76 Ohio St.3d 613, 615, 669 N.E.2d 1125 (1996). Under Crim.R. 48(B), "[i]f the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record it findings of fact and reasons for the dismissal." In the *Busch* decision, the Ohio Supreme Court explained the effect of Crim.R. 48(B):

> Crim.R. 48(B) recognizes by implication that trial judges may sua sponte dismiss a criminal action over the objection of the prosecution, since the rule sets forth the trial court's procedure for doing so. The rule does not limit the reasons for which a trial judge might dismiss a case, and we are convinced that a judge may dismiss a case pursuant to Crim.R. 48(B) if a dismissal serves the interest of justice.

{¶17} The question, therefore, is whether the trial court's dismissal in this case served the interest of justice. We review a trial court's dismissal of criminal charges under Crim.R 48(B) for abuse of discretion. *Busch* at 616. An abuse of discretion occurs when a trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "An unreasonable decision is one that is unsupported by a sound reasoning process; an arbitrary attitude is an attitude that is without adequate determining principle not governed by any fixed rules or standard; and unconscionable may be defined as affronting the sense of justice, decency, or reasonableness." *State v. Hill*, 10th Dist. Franklin No. AP-177, 2010-Ohio-6121, ¶ 34.

{¶18} Under Crim.R. 48(B), a trial court must state on the record its findings of fact and reasons for dismissing the case. Here, the trial court found that Bailey had: 1) not signed a records release with the prosecutor's office; 2) indicated that she did not want to cooperate; and 3) said that she would not testify even if she were forced to appear at trial. In light of these facts, the trial court denied the state's motion for a material witness warrant and dismissed the case. Thus, it is apparent that the trial court dismissed the case solely because Bailey did not

want to cooperate with the prosecution against Hollins. Indeed, the trial court told Hollins that if Bailey later decided to bring charges against him, the state could reindict.

{¶19} Although the *Busch* case held that a trial judge could sua sponte dismiss a criminal case if the complaining witness did not wish to proceed, even if the prosecutor objected to the dismissal, that aspect of the *Busch* decision was legislatively superseded by statute in 1998 when R.C. 2931.03 was amended to add the following language: "A judge of a court of common pleas does not have the authority to dismiss a criminal complaint charge, information, or indictment solely at the request of the complaining witness and over the objection of the prosecuting attorney or other chief legal officer who is responsible for the prosecution of the case." Accordingly, a case may no longer be dismissed solely at the request of the complaining witness. *State v. Sanders*, 7th Dist. Columbiana No. 12 CO 35, 2013-Ohio-5220, ¶ 15.

{¶20} Hollins contends that the trial court properly dismissed the case because there is nothing in the record demonstrating that Bailey asked that the case be dismissed. It is apparent, however, that the trial court dismissed solely because Bailey did not wish to cooperate in prosecuting the case, which we find on these facts to be akin to a request that the case be dismissed.

{¶21} Furthermore, the trial court appears to have based its dismissal on the misconception that the pursuit of criminal charges rests with the victim, rather than the state. Under R.C. 2935.03(B)(3)(e)(ii), the victim need not consent to the filing of charges or sign the complaint. If the victim does not want to prosecute or refuses to cooperate, the decision to prosecute rests with the prosecutor's discretion. In this case, the state determined to prosecute Hollins in light of what the prosecutor told the court were the victim's "horrific" injuries, a

decision the state was free to make despite Bailey's obvious lack of cooperation with the prosecution.

**{¶22}** Accordingly, we find that the dismissal in this case was an abuse of discretion. There were appropriate means for the court to compel Bailey's appearance and presence at trial that did not require dismissal of the case. Specifically, the trial court should have granted the state's motion for a material witness warrant.

**{¶23}** R.C. 2941.48 states:

> In any case pending in the court of common pleas, the court, either before or after indictment, may require any witness designated by the prosecuting attorney to enter into a recognizance, with or without surety, in such sum as the court thinks proper for his appearance to testify in such cause. A witness failing or refusing to comply with such order shall be committed to the county jail until he gives his testimony in such case or is ordered discharged by the court.

**{¶24}** "A warrant to detain a material witness must be supported by probable cause, supported by oath and affirmation, to believe that the witness is material and that the detention of the witness is necessary to procure her attendance at trial." *State ex rel. Dorsey v. Haines*, 63 Ohio App.3d 580, 581, 579 N.E.2d 541 (2d Dist.1991).

**{¶25}** The state provided a detailed affidavit with its motion explaining that Bailey was a material witness because she was both the victim of and witness to Hollins's criminal conduct, and further, that the warrant was necessary to procure her attendance at trial. The prosecutor reiterated the pertinent facts set forth in the affidavit to the trial court on November 2, 2015. Specifically, the prosecutor told the court that Bailey had acknowledged to him before the first trial that she had received a subpoena, but then told him that she would not testify and hung up on him; she did not answer her phone when the prosecutor again tried to contact her prior to the first and second trial dates; she did not respond to the prosecutor's voicemail messages asking

that she call him; and in addition to regular service, she was personally served prior to the second trial date but still did not appear.

{¶26} Accordingly, there was probable cause, supported by oath or affirmation, demonstrating that Bailey was a material witness and that court intervention was necessary to procure her attendance at trial. Therefore, the trial court should have granted the state's motion.

{¶27} The state contends that upon granting its motion, the court should have ordered Bailey detained pursuant to R.C. 2937.18, which provides that "if a witness ordered to give recognizance fails to comply with such order, the judge * * * shall commit him to such custody or open or close detention as may be appropriate under the circumstances, until he complies with the order or is discharged." The state brought its motion under R.C. 2941.48, however, and made no mention in its motion or to the court regarding R.C. 2937.18.

{¶28} Under R.C. 2941.48, a court may require a witness to post bond when there is good reason to believe she will not appear to testify in a criminal case. If the witness fails to post bond, the court may then order the witness committed to the county jail until she gives her testimony at trial. *State v. Kirklin*, 8th Dist. Cuyahoga No. 50157, 1986 Ohio App. LEXIS 6327, *6 (Apr. 10, 1986).

{¶29} Under the facts of this case, we find that the trial court abused its discretion in denying the state's motion for a material witness warrant under R.C. 2941.48 and dismissing the indictment against Hollins. Because Bailey was a material witness and there was probable cause under R.C. 2941.48 demonstrating that she would likely not appear to testify at trial, the trial court could have ordered her to post bond to guarantee her appearance, and if she failed to post such bond, the trial court could have ordered her detained in the county jail until she appeared at trial to give her testimony.

**{¶30}** The state's assignment of error is sustained. The trial court's judgment denying the state's motion for a material witness warrant under R.C. 2941.48 is reversed, and the indictment against Hollins is hereby reinstated. The matter is remanded for further proceedings consistent with this opinion.

**{¶31}** Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., CONCURS;
EILEEN A. GALLAGHER, J., DISSENTS
(See separate dissenting opinion).

EILEEN A. GALLAGHER, J., DISSENTING:

**{¶32}** I respectfully dissent from the opinion of my learned colleagues.

**{¶33}** In this case, the defendant had been in custody since his arrest on June 23, 2015 until the case was dismissed on November 6, 2015, a total of 137 days. I recognize that there was a detainer lodged against him by the Ohio Adult Parole Authority but that detainer was based solely on the charges pending against the defendant in this indictment.

**{¶34}** In this case, the prosecuting attorney was put on notice prior to the first scheduled trial date of the alleged victim's recalcitrance. He had related to the trial court on October 13,

2015, that she was uncooperative and that she had stated that she would answer the subpoena but "under no circumstances would she testify." She then became incommunicado.

**{¶35}** According to the state, "the state gave her plenty of notice by sending her the subpoena eleven days before the October 13th trial date and with personal service by the Cuyahoga County Prosecutors investigators for the November 2 trial date * * *." In his affidavit attached to the motion for a material witness warrant, the prosecutor stated, "In addition to regular sheriff's service, the undersigned requested an investigator personally serve Miss Bailey." There is no averment in that affidavit that personal service was perfected and there is no affidavit from the investigator who allegedly served her. That is the proper practice.

**{¶36}** Assuming arguendo that personal service was perfected, the court could have issued a bench warrant at the same time as it dismissed the charges. If, and when, the warrant was executed, the state could then refile the charges against the defendant while the witness remained in custody pending trial; thus assuring her appearance and sending a message to other witnesses who refuse to comply with properly issued subpoenas that their noncooperation will be taken seriously; this will ensure that both the state and the defendant have a fair trial.

**{¶37}** This may appear to be a distinction without a difference but the question is how long shall a defendant remain in custody while law enforcement officers attempt to locate and arrest the noncompliant witness.

**{¶38}** A trial court's dismissal of an indictment is reviewed for an abuse of discretion. *State v. Walton,* 8th Dist. Cuyahoga No. 87347, 2006-Ohio-4771, *¶* 4. An "abuse of discretion implies a decision that either is without a reasonable basis or is clearly wrong." *State v. Strong,* 8th Dist. Cuyahoga No. 10076, 2014-Ohio-4209, ¶ 7, citing *Angelkovski v. Buckeye Potato Chips Co.,* 11 Ohio App.3d 159, 463 N.E.2d 1280 (10th Dist.1983).

**{¶39}** Crim.R. 48(B) provides the procedure for the dismissal of a criminal case by the court over the objections of the state. Subsection (B) provides that "[i]f the court over the objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal." The Ohio Supreme Court in *State v. Busch,* 76 Ohio St.3d 613, 615, 669 N.E.2d 1125 (1996)*,* stated that Crim.R. 48(B) "does not limit the reasons for which a trial judge might dismiss a case, and we are convinced that a judge may dismiss a case pursuant to Crim.R. 48(B) if a dismissal serves the interest of justice." I do take note that the state never lodged an objection to the dismissal of the charges. The prosecutor merely sought reconsideration of the denial of the motion for a material witness warrant.

**{¶40}** Here, the court stated its reason for dismissing the case: "victim did not appear for the second time for trial. Case is dismissed without prejudice."

**{¶41}** As the case was dismissed without prejudice, the state can reindict Hollins and, if they properly move the court, seek a bench warrant for the arrest of April Bailey prior to that time.