[Cite as *State v. Newton*, 2020-Ohio-376.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,           :

                         No. 107200

    v.                            :

ERIC S. NEWTON, JR.,                     :

    Defendant-Appellant.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** January 31, 2020

---

Cuyahoga County Court of Common Pleas
Case No. CR-17-620243-A
Application for Reopening
Motion No. 534033

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary M. Frey, Assistant Prosecuting Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and Noelle A. Powell, Assistant Public Defender, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Applicant, Eric S. Newton, Jr., seeks to reopen his appeal, *State v. Newton*, 8th Dist. Cuyahoga No. 107200, 2019-Ohio-3653 ("*Newton I*"). Newton

claims appellate counsel was ineffective because, within the assignment of error challenging the trial court's denial of the motion to suppress, counsel failed to raise the validity of a search warrant affidavit requesting to search Newton's cell phone. The same suppression issue was argued and overruled in a companion appeal, *State v. Newton*, 8th Dist. Cuyahoga No. 107195, 2019-Ohio-3566 ("*Newton II*"). Therefore, the application to reopen is denied.

## I. Procedural History

{¶ 2} A thorough recitation of the background of the present case is set forth in *Newton I.* A summary of those facts and the procedural history of the present application follows.

{¶ 3} Newton was involved in a traffic stop where police officers recovered evidence pertaining to incidents of breaking and entering commercial buildings. He was charged in a 47-count indictment in Cuyahoga C.P. No. CR-16-605078-B. Following his arrest, police officers obtained a search warrant for a cell phone belonging to Newton. From a search of the phone, police discovered evidence of the exchange of child pornography. Evidence recovered from the phone and other subsequent searches of Newton's computer equipment and digital resources resulted in a 31-count indictment in Cuyahoga C.P. No. CR-17-620243-A.

{¶ 4} During the lower court cases, Newton filed a motion to suppress in the breaking and entering case and incorporated it into the child pornography case. The motion challenged the initial stop of the vehicle as well as the affidavit used to obtain the warrant to search Newton's cell phone because Newton alleged the

affidavit contained materially false statements. The second issue is commonly referred to as a *Franks* issue, so named because of the seminal case of *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). The trial court denied the suppression motion finding that the search of the vehicle and cell phone were proper. (Tr. 147-148.) Newton was subsequently convicted of multiple counts in the breaking and entering case and the child pornography case.

{¶ 5} Newton filed separate notices of appeal from each case. Those appeals were treated as companion cases — briefed, argued, and decided separately by the same panel of judges. In *Newton I*, the child pornography case, Newton challenged the denial of his motion to suppress, arguing: "The trial court erred when it overruled the defendant-appellant's motion to suppress where the arresting officer lacked probable cause and specific, articulable facts to justify an investigatory stop." *Newton I* at ¶ 6. In the appeal from the breaking and entering case, Newton argued: "The trial court erred when it overruled Eric Newton's Motion to Suppress when, one, the initial stop was improper and, two, the warrant affidavit used to search the contents of Mr. Newton's cell phone contained false information." *Newton II* at ¶ 25. This court rejected both arguments and affirmed Newton's convictions on September 5, 2019 (*Newton II*) and September 12, 2019 (*Newton I*).

{¶ 6} On December 2, 2019, Newton timely filed an application for reopening pursuant to App.R. 26(B) to reopen the appeal in *Newton I*. Newton did not specifically set forth any proposed assignments of error, but argued that appellate counsel was ineffective for failing to address the legitimacy of the warrant

affidavit in the assignment of error dealing with the denial of the motion to suppress. The state timely filed a brief in opposition pointing out that this court addressed the validity of the warrant in both appeals even though it was not raised in the assignment of error in *Newton I.*

## II. Law and Analysis

{¶ 7} App.R. 26(B) provides a limited means of asserting a claim of ineffective assistance of appellate counsel. The application shall be granted if "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). The Supreme Court of Ohio has held that the two-pronged analysis found in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is the appropriate standard in assessing whether an applicant has raised a "genuine issue" as to the effectiveness of appellate counsel in a request to reopen an appeal per App.R. 26(B)(5). *State v. Myers*, 102 Ohio St.3d 318, 2004-Ohio-3075, 810 N.E.2d 436, ¶ 8. Pursuant to *Strickland,* Newman bears the burden of showing "that his counsel [was] deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful." *State v. Spivey*, 84 Ohio St.3d 24, 24, 701 N.E.2d 696 (1998).

{¶ 8} As stated above, under the *Strickland* standard, a successful claim of ineffective assistance of counsel turns, in part, on whether there is a reasonable probability of success. Here, there is no such probability because this court addressed whether the search warrant affidavit was defective and whether the

search of Newton's cell phone was improper. These are the same arguments Newton now advances.

{¶ 9} In the breaking and entering appeal, *Newton II*, Newton argued that "the trial court erred when it overruled his motion to suppress because the initial stop was improper and the warrant affidavit used to search his cell phone contained false information." *Newton II* at ¶ 27. This court analyzed the warrant affidavit used to secure the search warrant for the cell phone. *Id.* at ¶ 34-38. This court rejected the argument that the search of the phone was improper. *Id.* at ¶ 38. Specifically, we found that the statement attributing ownership of the phone to a different individual did not invalidate the affidavit. *Id.* at ¶ 35-37. We went on to find: "Because of the circumstances in which the phones were obtained, probable cause existed to search the phones." *Id.* at ¶ 37. This analysis was specifically incorporated into *Newton I*: "For purposes of this appeal, we adopt the analysis and conclusion made in the companion appeal regarding Newton's motion to suppress and incorporate the same in this appeal." *Newton I* at ¶ 29.

{¶ 10} All of Newton's arguments in his application go to the first prong of the *Strickland* analysis — whether counsel's performance was deficient. He does not address the second prong of the *Strickland* analysis — a showing that there is a reasonable probability of a different outcome — in light of this court overruling the same arguments in *Newton II*. In his application for reopening, Newton argues that the search warrant affidavit used to obtain a search warrant from his cell phone contained false information and the warrant affidavit did not demonstrate probable

cause. Although appellate counsel did not raise the precise issues argued in the application for reopening, they were fully considered in the companion appeal and incorporated into *Newton I*. Newton acknowledges that the arguments were already addressed by this court. (Application for reopening at 3.) Therefore, whether the issues were raised by appellate counsel in *Newton I* is immaterial because those issues were addressed, and there is no probability of a different outcome. This does not present a genuine issue of ineffective assistance of appellate counsel.

{¶ 11} The validity of the search warrant affidavit was fully briefed and considered by this panel and resolved contrary to Newton's position. Therefore, the application for reopening is denied.

{¶ 12} Application denied.


_____
MICHELLE J. SHEEHAN, JUDGE

ANITA LASTER MAYS, P.J., and
RAYMOND C. HEADEN, J., CONCUR