[Cite as *State v. Kidd*, 2021-Ohio-503.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                      No. 109126

    v.                                      :

LAMEER KIDD,                            :

    Defendant-Appellant.      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** February 19, 2021

---

Cuyahoga County Court of Common Pleas
Case No. CR-19-640098-A
Application for Reopening
Motion No. 543635

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee.*

Mary Catherine Corrigan and Alison F. Hibbard, *for appellant.*

MCHELLE J. SHEEHAN, J.:

{¶ 1} Appellant, Lameer Kidd, timely seeks to reopen his appeal in *State v. Kidd*, 8th Dist. Cuyahoga No. 109126, 2020-Ohio-4994. He claims that appellate

counsel was ineffective for not advancing a single proposed assignment of error claiming, "The trial court erred in issuing a material witness warrant for the alleged victim absent probable cause to believe she was material and that detention was necessary to procure her attendance." For the reasons that follow, we deny his application.

## I. Procedural History

{¶ 2} Kidd was tried and convicted for crimes related to an April 2019 incident where he forced his way into a residential care facility for children and assaulted a woman. Kidd kicked in the door of the facility, then hit his girlfriend, who worked at the facility, and dragged her by her hair out of the building to a waiting car. He was convicted of aggravate burglary, assault as a lesser-included offense of domestic violence, and abduction; and received an aggregate prison sentence of 12 to 17 years.

{¶ 3} Kidd appealed his convictions to this court, raising four assignments of error:

> I. The trial court violated Appellant's right to be present at all stages of his trial.
>
> II. The trial court erred in failing to merge Counts 1 and 2.
>
> III. Assault is not a lesser included offense of domestic violence.
>
> IV. Appellant did not receive a fair trial because the jury heard evidence on a charge that had no legal or factual support.

{¶ 4} On October 22, 2020, this court issued an opinion that overruled the first and fourth assignments of error, sustained the third assignment of error, and

vacated the conviction for Count 2, assault. *Kidd*, 8th Dist. Cuyahoga No. 109126, 2020-Ohio-4994, at ¶ 47. This rendered the second assignment of error moot. *Id.* at ¶ 40.

**{¶ 5}** Kidd, through counsel, filed a timely application to reopen on January 20, 2021. He raised the single proposed assignment of error set forth above. The state responded in opposition on January 22, 2021.

## II. Ineffective Assistance of Appellate Counsel

**{¶ 6}** App.R. 26(B) provides a means of addressing claims of ineffective assistance of appellate counsel. The application must assert one or more proposed assignments of error that previously were not considered or were not properly considered because of appellate counsel's deficient performance. App.R. 26(B)(2)(c). The application "shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). The standard used to determine whether appellate counsel is ineffective is the same standard that applies to claims of ineffective assistance of counsel announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *State v. Myers*, 102 Ohio St.3d 318, 2004-Ohio-3075, 810 N.E.2d 436. Pursuant to *Strickland*, Kidd bears the burden of showing "that his counsel [was] deficient for failing to raise the issue he now presents, as well as showing that had [counsel] presented those claims on appeal, there was a 'reasonable probability' that he would have been successful." *State v. Spivey*, 84 Ohio St.3d 24, 24, 701 N.E.2d 696 (1998).

### III. The Issuance of a Material Witness Warrant

{¶ 7} Kidd claims that appellate counsel failed to raise an assignment of error challenging the issuance of a material witness warrant.

{¶ 8} Pursuant to R.C. 2937.16 through 2937.18 and R.C. 2941.48, a material witness warrant may be issued to secure the presence and testimony of a witness at trial. However, the protections afforded by the Due Process Clause of the United States Constitution must be observed in order to deprive witnesses of their liberty. *State ex rel. Dorsey v. Haines*, 63 Ohio App.3d 580, 582, 579 N.E.2d 541 (2d Dist.1991). A material witness warrant "'must be supported by probable cause, supported by oath or affirmation, to believe that the witness is material and that the detention of the witness is necessary to procure her attendance at trial.'" *State v. Hollins*, 8th Dist. Cuyahoga No. 103864, 2016-Ohio-5521, quoting *Haines* at 581.

{¶ 9} On August 6, 2019, the second day of trial, the state sought a material witness warrant for the victim in the case. (Tr. 164.) The state supported its request for the warrant with all the communications it had with the victim, including phone conversations, the completed service of a subpoena that had an incorrect trial date, notifying the victim via text message that a second subpoena was issued with the correct date including a copy of the subpoena, information regarding the victim cutting off communication with the prosecutor, her failure to appear as requested by the subpoena, and elaborating on why the named victim's testimony of Kidd's purported crimes was material. (Tr. 165-169.) None of these statements were sworn

or supported by affidavit, however all the statements were made on the record in open court and subject to counter-argument by defense counsel. The defendant objected to the issuance of the material witness warrant, but the trial court granted the state's motion after going over, in detail, the efforts the state made to ensure the victim appeared to testify, the communications that the state had with her via phone calls and text messages, the issuance of two subpoenas and the delivery of the second subpoena to the victim through text message, and the other contacts the state had with the victim. (Tr. 165-173.)

**{¶ 10}** Kidd claims this is insufficient to meet the requirements for the issuance of a material witness warrant. He asserts that there was no sworn affidavit or testimony and the state did not establish probable cause to arrest the victim.

**{¶ 11}** The requirements for the issuance of a material witness warrant set forth above are necessary to protect the due process rights of the witness, not the defendant. *See State v. Eatmon*, 8th Dist. Cuyahoga No. 108786, 2020-Ohio-3592, ¶ 32, quoting *Robinson v. Green*, 7th Dist. Mahoning No. 16 MA 0134, 2016-Ohio-5688, ¶ 9, quoting *Haines* at 581. This court could find no Ohio case where a defendant successfully appealed the grant of a material witness warrant in an effort to vindicate the due process rights of a witness because the warrant was not supported by probable cause, or oath or affirmation. Witnesses have the ability to vindicate these due process rights on their own. *See State v. Jeffery*, 2d Dist. Montgomery No. 24850, 2012-Ohio-3104. This means that a defendant lacks

standing to raise possible violations of the rights of a witness. *State v. Rice*, 2019-Ohio-1415, 135 N.E.3d 309, ¶ 44-50 (11th Dist.).

{¶ 12} In *Rice*, the Eleventh District addressed a similar issue to the one Kidd presents. The defendant in *Rice* argued that a victim's rights as a witness and rights under Marsy's Law, Article I, Section 10a of the Ohio Constitution, were violated when a warrant was issued to secure the victim's testimony regarding two domestic violence incidents. *Id.* The court held that a criminal defendant lacked standing to challenge an alleged deprivation of a witness's rights, including in relation to the issuance of a warrant to compel witness testimony. *Id.* at ¶ 44-50.

{¶ 13} In the vast majority of cases where a defendant has challenged the issuance of a material witness warrant, the arguments have been based on the defendant's own rights, for instance, by challenging the delay precipitated by the granting of such a warrant.[1] This is why the standard of review that courts often apply is whether the trial court abused its discretion in granting or denying a continuance to issue a material witness warrant. *See Eatmon* at ¶ 19, citing *State v. Metz*, 8th Dist. Cuyahoga Nos. 107212, 107246, 107259, and 107261, 2019-Ohio-4054, ¶ 86. *See also State v. Smith*, 5th Dist. Licking No. 11-CA-66, 2012-Ohio-967 (defendant claimed that the delay caused by the issuance of a material witness warrant deprived him of a speedy trial).

---

[1] This is in contrast to cases where a defendant's request for a material witness warrant have been denied, which may materially prejudice his or her defense.

{¶ 14} Here, the issuance of the warrant did not delay trial. The state sought the warrant in the morning session of court. The state called witnesses for the remainder of the day after the warrant was issued. Later the same day, the state asked for a continuance until the next day to allow police officers to locate the victim. Defense counsel had no objection. (Tr. 318.) Soon after that exchange occurred, the victim appeared, seated at the back of the courtroom. (Tr. 319.) At sidebar, the state asked the judge to dismiss the warrant, and then the state called the victim to testify. (Tr. 320.) The warrant was never executed. Kidd claims in his application that the victim appeared to testify as a direct result of the warrant and cites to pages 319 to 320 of the transcript. But those pages do not evidence that the victim appeared as a result of the warrant. However, during the state's questioning of the victim, she admitted that she came to testify after learning of the warrant via text message (tr. 357), the same method Kidd claims was insufficient to provide notice to the victim of the subpoena that was issued in this case.

{¶ 15} The issuance of the warrant did not result in delay. The victim testified the same day the warrant was issued without the need for a continuance, and without the warrant actually being executed.

{¶ 16} Under these circumstances, we cannot say that appellate counsel was ineffective for not raising this issue in Kidd's appeal. Judges should not second-guess reasonable professional judgments and impose a duty on appellate counsel to raise every possible issue. *State v. Allen*, 77 Ohio St.3d 172, 672 N.E.2d 638 (1996). Further, not every error that occurs during trial is cognizable on appeal. *State v.*

*Morris*, 141 Ohio St.3d 399, 2014-Ohio-5052, 24 N.E.3d 1153, ¶ 22-25. Where an error is harmless under Crim.R. 52, an application for reopening may be denied. *State v. Williams*, 7th Dist. Jefferson No. 11 JE 7, 2013-Ohio-2314, ¶ 11 ("Appellant is not entitled to reopen his appeal for harmless error.").

> To determine whether an error affected the substantial rights of the defendant and requires a new trial, we must ascertain "(1) whether the defendant was prejudiced by the error, i.e., whether the error had an impact on the verdict, (2) whether the error was not harmless beyond a reasonable doubt, and (3) whether, after the prejudicial evidence is excised, the remaining evidence establishes the defendant's guilt beyond a reasonable doubt."

*State v. Graham*, Slip Opinion No. 2020-Ohio-6700, ¶ 120, quoting *State v. Arnold*, 147 Ohio St.3d 138, 2016-Ohio-1595, 62 N.E.3d 153, ¶ 50 (lead opinion), citing *State v. Harris*, 142 Ohio St.3d 211, 2015-Ohio-166, 28 N.E.3d 1256, ¶ 37.

{¶ 17} Kidd has not pointed to any prejudice that resulted from the issuance of the warrant that is endemic to him. Even if we assume that the trial court erred in issuing the warrant, that only satisfies the first prong in the *Strickland* analysis. To address the second prong, Kidd only makes a conclusory statement that there is a reasonable probability of success on appeal. The prejudice of a material witness warrant being issued without observing the strictures that protect the due process rights of the witness flow to the witness, not the defendant. Kidd does not allege that the issuance of the warrant impacted his own due process rights, for example, by being coercive or causing the witness to testify untruthfully. *See Rice*, 2019-Ohio-1415, 135 N.E.3d 309, at ¶ 51 (11th Dist.).

{¶ 18} Whether or not the warrant should have been issued, the attack that occurred at the residential care facility was witnessed by others, two of whom testified at trial and established Kidd's guilt for aggravated burglary and abduction.

{¶ 19} Aggravated burglary, defined in R.C. 2911.11(A)(1), as it applies to this case, prohibits the trespass in an occupied structure by force with purpose to inflict or attempt to include physical harm on another. R.C. 2905.02, defining the crime of abduction as it relates to this case, states that no person by force shall remove another from the place where the other person is found, or by force "restrain the liberty of another person under circumstances that create a risk of physical harm to the victim."

{¶ 20} Debra Johnson testified that she was at work at the occupied childhood residential care facility on the morning of the incident. She identified Kidd as the person who kicked in the locked front door of the facility, struck the victim — knocking her to the ground, and dragged her out of the facility by her hair. (Tr. 254-260.) Tonya Brewer was also present at the residential care facility on the morning of the incident. She testified that she witnessed Kidd kick in the front door, assault the victim, and drag her out by her hair. (Tr. 272-276.) Also, the physical state of the victim and her injuries soon after the incident were admitted at trial through photographs and police body camera video, and the testimony of a responding police officer. (Tr. 312-316.)

{¶ 21} In light of the testimony and evidence that was amassed against him without the victim's testimony, there is overwhelming evidence of Kidd's guilt

beyond a reasonable doubt.  We find that any error in the issuance of the warrant, should it exist, was harmless beyond a reasonable doubt.

{¶ 22} Appellate counsel was not ineffective for arguing the issue Kidd now raises in his application.

{¶ 23} Application denied.

---

MICHELLE J. SHEEHAN, JUDGE

MARY J. BOYLE, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR