[Cite as *State v. Wachee*, 2021-Ohio-4427.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,       :
                         No. 110117
v.                               :

KNEE WACHEE,                      :

    Defendant-Appellant.      :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** December 13, 2021

---

Cuyahoga County Court of Common Pleas
Case No. CR-19-640498-A
Application for Reopening
Motion No. 550211

---

### *Appearances:*

Knee Wachee, *pro se.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Applicant, Knee Wachee, seeks to reopen his appeal, *State v. Wachee*, 8th Dist. Cuyahoga No. 110117, 2021-Ohio-2683. He claims that appellate counsel was ineffective for failing to argue that his indictment and bill of particulars were defective and his speedy trial rights were violated. For the reasons that follow, we deny the application.

**The Appeal**

{¶ 2} Wachee appealed his convictions for murder and felonious assault, for which he was sentenced to an indefinite term of incarceration of 15 years to life. Appellate counsel assigned two errors for review:

I.    There was insufficient evidence produced at trial to support a finding of guilty on any counts.

II.   The trial court erred by finding the defendant guilty against the manifest weight of the evidence.

This court overruled both assignments of error and affirmed Wachee's convictions and sentences. *Id.* at ¶ 42.

**Reopening**

{¶ 3} On October 27, 2021, Wachee filed an application for reopening. The state did not timely respond. The application includes a great deal of this court's discussion of the evidence adduced at trial, spending six of the seven pages quoting from this court's opinion. The final page of the application includes the three proposed assignments of error listed below.

**A. Standard of Review for an Application for Reopening**

{¶ 4} App.R. 26(B) provides a criminal defendant represented by appointed counsel on appeal with a limited opportunity to claim that appellate counsel rendered deficient performance such that the appeal should be reopened and reargued. The application shall be granted if "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). The applicant "'bears the burden of establishing that there was a

"genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.'" *State v. Smith*, 95 Ohio St.3d 127, 2002-Ohio-1753, 766 N.E.2d 588, ¶ 7, quoting *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998). The Supreme Court of Ohio has applied the two-pronged analysis for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as the appropriate standard in assessing whether an applicant has raised a "genuine issue" of appellate counsel's effectiveness per App.R. 26(B)(5). *State v. Myers*, 102 Ohio St.3d 318, 2004-Ohio-3075, 810 N.E.2d 436, ¶ 8. Pursuant to *Strickland*, Wachee bears the burden of showing "that his counsel [was] deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful." *Spivey* at 24.

### B. Arguments Presented in the Application

{¶ 5}   Wachee's entire argument section of his application states:

Appellant argues that he received ineffective assistance of appellate counsel because appellate counsel failed to raise the following assignments of error.

Appellant seeks to reopen this appeal pursuant to App. R. 26(B). He raises the following errors:

1.  The indictment failed to include all the necessary facts to support the elements of each offense.

2.  The bill of particulars failed to sufficiently apprise the appellant of what he was required to meet.

3.  The appellant was denied the right to a speedy trial.

WHEREUPON, appellant respectfully reuests [sic] this honorable court reopen this appeal pursuant to App. R. 26(B) so the merits can be briefed and argued.

**{¶ 6}** An application for reopening must include "[o]ne or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation[.]" App.R. 26(B)(2)(c). However, simply setting forth a proposed assignment of error is not sufficient to demonstrate that there is a "genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal" required by App.R. 26(B)(5). "An allegation that appellate counsel provided ineffective representation must be supported by something in the record on appeal." *State v. Vicario*, 8th Dist. Cuyahoga No. 106373, 2019-Ohio-784, ¶ 9, citing *State v. Burke*, 97 Ohio St.3d 55, 2002-Ohio-5310, 776 N.E.2d 79, ¶ 10-11. "The bald assertion of a proposed assignment of error does not meet the applicant's burden of demonstrating a colorable claim of ineffective assistance of appellate counsel." *State v. Meadows*, 8th Dist. Cuyahoga No. 108452, 2020-Ohio-3888, ¶ 44, citing *State v. Jackson*, 8th Dist. Cuyahoga No. 100125, 2015-Ohio-1946, ¶ 6. *See also State v. Harris*, 8th Dist. Cuyahoga No. 90699, 2009-Ohio-5962, ¶ 20, citing *State v. Hawkins*, 8th Dist. Cuyahoga No. 90704, 2009-Ohio-2246, ¶ 2-3 ("The mere recitation of an assignment of error is not sufficient to meet an applicant's burden of proving that his counsel were deficient and that there is a reasonable probability that he would have been successful if counsel had presented those claims.").

{¶ 7} Wachee does not explain how his indictment is deficient. Generally, "[t]he purposes of an indictment are to give an accused adequate notice of the charge, and enable an accused to protect himself or herself from any future prosecutions for the same incident." *State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, 853 N.E.2d 1162, ¶ 7. The indictment charges him with three counts, each listing a criminal statute he is accused of violating and a description of the purported conduct on a certain date giving rise to the charge that tracks the language of the statute and includes each element of the offense. An indictment that tracks the language of the charged offense, identifies the offense by statute, and includes each element of the offense is sufficient to provide notice to the accused of the pending charges. *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26.

{¶ 8} "[A] 'bill of particulars has a limited purpose — to elucidate or particularize the conduct of the accused alleged to constitute the offense.'" *State ex rel. Vindicator Printing Co. v. Wolff*, 132 Ohio St.3d 481, 2012-Ohio-3328, 974 N.E.2d 89, ¶ 30, quoting *State v. Sellards*, 17 Ohio St.3d 169, 171, 478 N.E.2d 781 (1985). The bill of particulars in this case, filed July 1, 2019, includes specific allegations of conduct that took place at a time and location for each charged offense, including the criminal statutes Wachee was accused of violating and the elements of these offenses.

{¶ 9} There are a variety of claims that may arise regarding the adequacy or propriety of an indictment or bill of particulars. *See, e.g., State v. Sowell*, 148 Ohio

St.3d 554, 2016-Ohio-8025, 71 N.E.3d 1034, ¶ 114-128 (addressing multiple challenges to the indictment in a capital murder case). Wachee has not identified any way in which the indictment or bill of particulars was defective in this case.

{¶ 10} The same is true for his claim that his speedy trial rights were violated. It is unclear whether Wachee's claim relates to the statutory or constitutional right to speedy trial. He provides no argument and does not point to anything in the appellate record that demonstrates that his speedy trial rights were violated. Speedy trial claims can be especially fact-dependent, with various events that may toll the running of the speedy trial time. Without an argument in support of this assignment of error, Wachee has not met his burden of demonstrating a colorable claim of ineffective assistance of counsel.

### C. Lack of a Sworn Statement

{¶ 11} App.R. 26(B)(2)(d) requires an application to include a "sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised" within the application. The failure to include this sworn statement has been held as sufficient grounds for denial. *State v. Ercoli*, 8th Dist. Cuyahoga No. 104578, 2018-Ohio-1384, ¶ 4. This is so because without the required affidavit, the application "falls short of the particularity required by the rule." *State v. Franklin*, 72 Ohio St.3d 372, 373, 650 N.E.2d 447 (1995). However, some courts have held that an application with demonstrable merit should not be denied solely due to the failure to include an affidavit. *See State v. Rosemond*, 1st Dist. Hamilton No. C-180221, 2021-Ohio-768,

¶ 21-25 (collecting and analyzing cases). This line of cases is not applicable because Wachee's application lacks any form of argument and, thus, demonstrable merit.

{¶ 12} Application denied.

---

MICHELLE J. SHEEHAN, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR