JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals the trial court's decision dismissing the indictment against defendant-appellee, Donald Walton ("Walton"). Finding merit to the appeal, we reverse.
 {¶ 2} In 2005, Walton was charged with having a weapon while under disability and child endangering. The case was called for trial but continued to the following day at Walton's request. The State was unable to proceed at that time because the police officers involved in the case were not present. Although the State moved for a continuance, the trial court denied the request and dismissed the case with prejudice.
 {¶ 3} The State appeals, arguing in its sole assignment of error that the trial court erred in dismissing the indictment with prejudice.
 {¶ 4} A trial court's dismissal of an indictment is reviewed for an abuse of discretion. Substantial deference is given to the trial court unless it is determined that the court's ruling was an abuse of discretion. State v. Tankersley (Apr. 23, 1998), Cuyahoga App. Nos. 72398 and 72399. "An abuse of discretion * * * implies a decision which is without a reasonable basis or one which is clearly wrong." Angelkovski v. Buckeye Potato ChipsCo. (1983), 11 Ohio App.3d 159, 463 N.E.2d 1280.
 {¶ 5} Crim.R. 48 governs the procedure for the dismissal of a criminal case by either the State or the court. Crim.R. 48(B) provides that "if the court over the objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal." Moreover, "Crim.R. 48(B) does not provide for a dismissal with prejudice; the court has the inherent power to dismiss with prejudice only where it is apparent that the defendant has been denied a constitutional or statutory right, the violation of which would, in itself, bar prosecution." Cityof Fairview Park v. Fleming (Dec. 7, 2000), Cuyahoga App. Nos. 77323 and 77324, citing State v. Dixon (1984),14 Ohio App.3d 396, 471 N.E.2d 864; State v. Sutton (1979),64 Ohio App.2d 105, 411 N.E.2d 818.
 {¶ 6} In the instant case, the trial court made no finding that Walton was denied a constitutional or statutory right when it dismissed the charges against him with prejudice. Therefore, it was error and an abuse of discretion for the trial court to dismiss the case with prejudice.
 {¶ 7} In an apparent attempt to correct its error, the trial court issued a nunc pro tunc journal entry indicating that the case was dismissed "without prejudice." However, the trial court was without jurisdiction to issue such an entry because the State had already filed its notice of appeal. "Once a notice of appeal has been filed, a trial court's jurisdiction is limited to taking action which is not inconsistent with the reviewing court's jurisdiction." State v. Marvin (1999), 134 Ohio App.3d 63, 66,730 N.E.2d 401, quoting Howard v. Catholic Social Serv. ofCuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141, 146,637 N.E.2d 890.
 {¶ 8} Notwithstanding this general rule, Crim.R. 36(A) permits a trial court to correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission at any time. The tool utilized to correct such errors is generally a nunc pro tunc entry. Statev. Brown (2000), 136 Ohio App.3d 816, 819, 737 N.E.2d 1057. The term "clerical mistake" refers to "a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." Id. at 819-820. Furthermore, "while courts possess authority to correct errors in judgment entries so that the record speaks the truth, nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." Id. citing Stateex rel. Fogle v. Steiner (1995), 74 Ohio St.3d 158, 163-164,656 N.E.2d 1288.
 {¶ 9} In the instant case, the trial court did not attempt to correct a clerical mistake. The transcript shows that the trial court expressly stated that it was dismissing the case against Walton with prejudice. The subsequent journal entry further reflects the trial court's intent to dismiss the case with prejudice. Therefore, the nunc pro tunc entry, which was issued three months after the dismissal entry, was clearly not an attempt to reflect what the court actually decided; rather, it was used as a tool by the court to indicate what it should have decided.
 {¶ 10} Therefore, we find that the trial court was without jurisdiction to issue the purported nunc pro tunc journal entry. Furthermore, the court abused its discretion in dismissing the case against Walton with prejudice.
 {¶ 11} Accordingly, the assignment of error is sustained.
Judgment reversed and case remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellee the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J. and McMonagle, J. concur.