DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, the State of Ohio, appeals the judgment of the Wayne County Municipal Court. This Court reverses.
 I. {¶ 2} Appellee, Larry Peek, was charged with one count of disorderly conduct by intoxication, in violation of R.C. 2917.11(B)(1), a fourth degree misdemeanor. Appellee pled not guilty. A bench trial was scheduled for April 10, 2006. On March 22, 2006, the State requested a continuance because Officer Henderson, who was a necessary witness, was out of the country. The request for *Page 2 
continuance was granted. The trial was reset for April 24, 2006. On April 24, 2006, Appellee failed to appear for the hearing. A warrant was issued for his arrest.
 {¶ 3} On May 18, 2006, Appellee was arrested. Consequently, a new trial was scheduled for May 30, 2006. On May 26, 2006, the State requested that the trial be continued because the arresting officer was out of town. The trial court granted the continuance and the trial was reset for June 26, 2006. Upon notification that Officer Henderson would not be available for trial on June 26, the trial court rescheduled the trial for July 3, 2006.
 {¶ 4} On July 3, 2006, prior to the commencement of trial, Appellee's counsel requested that the case be dismissed on speedy trial grounds. Both parties submitted briefs on the issue to the trial court the next week. Appellee argued that the case should be dismissed because it was not tried within the 45 day time limitation. On July 25, 2006, the trial court granted Appellee's motion to dismiss for failure to bring the case to trial within the speedy trial time limits. On August 1, 2006, the State filed a notice of appeal (Case No. 06-CA-0054).
 {¶ 5} On August 3, 2006, the trial court issued a judgment entry, nunc pro tunc, indicating that Appellee had actually been brought to trial within the required time frame. Accordingly, the trial court vacated its former dismissal of the charges. The trial court then scheduled a new trial for August 14, 2006. The State did not subpoena witnesses for the August 14, 2006 trial. Because the State *Page 3 
presented no witnesses on August 14, 2006, the trial court dismissed the charges for lack of prosecution. The State timely appealed the trial court's order (Case No. 06-CA-0057). Both matters were consolidated by this Court on September 28, 2006.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING [APPELLEE'S] MOTION TO DISMISS BASED UPON SPEEDY TRIAL GROUNDS."
 {¶ 6} In the State's first assignment of error, it argues that the trial court committed reversible error in granting Appellee's motion to dismiss based upon speedy trial grounds. We find merit in this contention.
 {¶ 7} When reviewing the State's claim that the trial court erred in granting Appellee's motion to dismiss based on speedy trial grounds, this Court applies the de novo standard of review to questions of law.
 {¶ 8} Both the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. State v. Pachay (1980), 64 Ohio St.2d 218, 219. Further, the courts must strictly enforce such rights. Id. at 221. This "strict enforcement has been grounded in the conclusion that the speedy trial statutes implement the constitutional guarantee of a public speedy trial." Id., citing State v. Pudlock (1975), 44 Ohio St.2d 104, 105. *Page 4 
 {¶ 9} R.C. 2945.71 dictates the time limits within which a defendant must be brought to trial. Appellee was charged with a misdemeanor of the fourth degree. Pursuant to R.C. 2945.71(B)(1), the State had 45 days after his arrest or service of summons to bring Appellee to trial. When calculating the 45 day trial limitation, the day of arrest or service of summons is not included. See Crim.R. 45(A) ("In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included").
 {¶ 10} Pursuant to R.C. 2945.73, if a defendant is not brought to trial within the prescribed time period, the trial court must discharge the defendant upon a motion for dismissal prior to or at the commencement of trial. R.C. 2945.73(B). However, the time within which a defendant must be brought to trial can be tolled. Pursuant to R.C.2945.72(D) and (E), the time within which a defendant must be brought to trial may be extended due to any delay necessitated by reason of an improper act of the accused. Appellee's failure to appear for trial on April 24, 2006, necessitated a delay in the trial.
 {¶ 11} The Ohio Supreme Court has held that a defendant who fails to appear for trial, and whose trial is, therefore, rescheduled, waives his right to assert statutory speedy trial rights for that time period which elapses from his initial arrest to the date of the subsequent arrest.State v. Bauer (1980), *Page 5 61 Ohio St.2d 83. Accordingly, "the failure to appear on a trial date causes speedy-trial time to be recalculated from the date of the accused's rearrest." State v. Griffin (Dec. 20, 1995), 9th Dist. No. 2440-M, at *2, citing, State v. Gibson (1992), 75 Ohio App.3d 388, 391.
 {¶ 12} In the case sub judice, Appellee was arrested on March 2, 2006 and re-arrested on May 18, 2006, after failing to appear at the previously scheduled trial date. Pursuant to Bauer, the time period is tolled during this time. Consequently, this time cannot be counted against the State for purposes of calculating the time period for speedy trial purposes.
 {¶ 13} As the trial court correctly noted in its nunc pro tunc entry, Appellee's speedy trial time began to run on May 18, 2006, the date of his re-arrest. Thus, the City had 45 days from May 18, 2006 to bring Appellee to trial. Griffin, supra, at *2. The record reflects that July 2, 2006 was the 45th day in which the State could bring Appellee to trial. However, July 2, 2006 fell on a Sunday. Consequently, the State had until Monday, July 3, 2006 to bring Appellee to trial. Both parties agree that the July 3, 2006 scheduled trial was set in a timely manner. Based on the foregoing case law and statutory requirements, Appellee's speedy trial rights were not violated by the trial court. Accordingly, the trial court erred in granting Appellee's motion to dismiss on speedy trial grounds. The State's first assignment of error is sustained. *Page 6 
 ASSIGNMENT OF ERROR II "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT, SUA SPONTE, ISSUED A JUDGMENT ENTRY, NUNC PRO TUNC, REINSTATING THE CHARGES, AFTER THIS CASE HAD BEEN APPEALED."
 {¶ 14} In the State's second assignment of error, it contends that the trial court committed reversible error when it, sua sponte, issued a judgment entry nunc pro tunc, reinstating the charges, after the case had been appealed. We also find merit in this contention.
 {¶ 15} In an apparent attempt to correct its July 25, 2006 judgment entry dismissing Appellee's case on speedy trial grounds, the trial court issued a nunc pro tunc journal entry on August 3, 2006 indicating that the case was brought within the speedy trial time. However, the trial court was without jurisdiction to issue such an entry because the State had already filed its notice of appeal. Once a notice of appeal has been filed, a trial court's jurisdiction is limited to taking action which is not inconsistent with the reviewing court's jurisdiction.State v. Marvin (1999), 134 Ohio App.3d 63, 66, quoting Howard v.Catholic Social Serv. of Cuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141,146.
 {¶ 16} "Notwithstanding this general rule, Crim.R. 36 permits a trial court to correct [']clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission at any time.[']" State v. Walton, 8th Dist. No. 87347, 2006-Ohio-4771, at ¶ 8, quoting Crim.R. 36. The trial court generally corrects such errors through a nunc pro tunc entry. Id., citing *Page 7 State v. Brown (2000), 136 Ohio App.3d 816, 819. "Clerical mistake" refers to "`a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.'"Walton, supra, at ¶ 8, quoting Brown, 136 Ohio App.3d at 819-820. Moreover, "`while courts possess authority to correct errors in judgment entries so that the record speaks the truth, nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide.'" Walton, supra, at ¶ 8, quoting Brown,136 Ohio App.3d at 819-820.
 {¶ 17} In the instant case, the trial court did not attempt to correct a clerical mistake. Therefore, the nunc pro tunc entry was not an attempt to reflect what the court actually decided. Rather, the trial court issued the nunc pro tunc entry to indicate what it should have decided. Accordingly, we find that the trial court was without jurisdiction to issue the purported nunc pro tunc journal entry. As such, the August 3, 2006 nunc pro tunc entry was a nullity. The State's second assignment of error is sustained.
 III. {¶ 18} The State's assignments of error are sustained, and the judgment of the Wayne County Municipal Court is reversed.
Judgment reversed, and cause remanded. *Page 8 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
 WHITMORE, P. J. DICKINSON, J. CONCUR. *Page 1