DECISION AND JOURNAL ENTRY
 INTRODUCTION
{¶ 1} After the Grand Jury indicted Elonzo D. Davis for possessing and trafficking in drugs, he moved to dismiss the indictment, arguing that the State had violated his right to a speedy trial. The trial court granted his motion, concluding that the charges were based on the same facts as had been a previous case against him. The State has argued that the trial court's decision was incorrect because the cases were not based on the same facts and circumstances, because the trial court relied on information outside the record, and because the time period between the two cases should not count toward the speedy trial deadline. Because the State conceded that Mr. Davis should receive credit for the time the first case was pending, and because the dismissal of the first case did not comply with Section 2941.33 of the Ohio Revised Code and Rule 48(A) of the Ohio Rules of Criminal Procedure, this Court affirms. *Page 2 
 FACTS {¶ 2} On January 30, 2007, parole officers found drugs while searching Mr. Davis's home under the terms and conditions of his post-release control sanctions from two previous convictions. A police officer filed a complaint against him the following day in the Elyria Municipal Court, charging him with one count of drug trafficking. He posted bond a few days later. The case was bound over and a transcript of the proceedings was filed with the Common Pleas Court as case number 07CR072802.
 {¶ 3} On April 16, 2007, the Common Pleas Court sentenced Mr. Davis to 120 days of incarceration for violating his post-release control sanctions in the previous cases. Two days later, the Grand Jury indicted him for three counts of drug trafficking, three counts of drug possession, and one count of possessing criminal tools. The indictment was assigned case number 07CR073218, but the State did not serve it on him.
 {¶ 4} At the State's request, on May 7, 2007, the Common Pleas Court dismissed case number 07CR072802. Accordingly, after Mr. Davis served his sentence for violating his post-release control sanctions, he was released. In October 2007, Mr. Davis violated his post-release control sanctions again. After he was arrested on November 1, 2007, he was served with the indictment that had been issued in case number 07CR073218. On November 15, 2007, the Grand Jury issued a supplemental indictment, charging him with two additional counts of drug trafficking and two additional counts of drug possession arising out of the January 2007 search of his home.
 {¶ 5} Mr. Davis moved to dismiss the indictment, arguing that he had not received a speedy trial. Following a hearing, the trial court found that both the complaint and indictment arose from the same investigation and involved the same facts. It found that, "from the date of *Page 3 
[Mr. Davis's] arrest until today, criminal charges stemming from the arrest have been pending, in one form or another, against [him]." The court, therefore, concluded that the speedy trial period began when he was arrested in January 2007 and that he should have been brought to trial by October 27, 2007. Because he had not been brought to trial by that date, the court dismissed the case with prejudice. The State has appealed, assigning four errors.
 SAME FACTS AND CIRCUMSTANCES {¶ 6} The State's second assignment of error is that the trial court incorrectly determined that the same facts and circumstances existed in both cases. It has argued that it was not able to file the charges listed in the indictment until it received lab reports that "analyzed, identified, and provided new information regarding the large amounts of illegal drugs found in [Mr. Davis's] residence during [his] initial arrest."
 {¶ 7} "[W]hen new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charges is subject to the same statutory limitations period that is applied to the original charge." State v. Adams,43 Ohio St. 3d 67, 68 (1989) (quoting State v. Clay, 9 Ohio App. 3d 216, 218 (1983)). "[T]he state is not subject to the speedy-trial timetable of the initial [charges], [if the] additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial [charges]." State v. Baker,78 Ohio St. 3d 108, syllabus (1997). For example, in State v. Armstrong, 9th Dist. No. 03CA0064-M, 2004-Ohio-726, the State arrested Armstrong and charged him with possession of drug paraphernalia and criminal trespass.Id. at ¶ 2. A few months later, the State charged him with possession of cocaine for a white substance that it had found on him during the arrest. Id. at ¶ 3, ¶ 10. Because the State could not charge Armstrong for *Page 4 
drug possession until the white substance had been analyzed by a laboratory, this Court concluded that it was not subject to the same speedy trial deadline as the other charges. Id. at ¶ 10.
 {¶ 8} The State's argument fails in this case because it conceded at the hearing on Mr. Davis's motion to dismiss that he was entitled to credit for the time the complaint was pending. The prosecutor stated that Mr. Davis "should be given credit for 109 days from the date of arrest on January 30, 2007, to the time that the [complaint] was dismissed. . . ." While the State argued that the dismissal of the complaint tolled the deadline, it "put[] forth . . . that [Mr. Davis] had 109 days worth of credit as of November 1, [2007]." It argued that, after he was served with the indictment, "time began running again" and that "[i]t would start at day 110."
 {¶ 9} Mr. Davis was only entitled to credit for the time that the complaint was pending if the charges levied in the indictment arose from the same facts as the complaint and the State knew those facts at the time of the complaint. See Baker, 78 Ohio St. 3d 108, at syllabus;Adams, 43 Ohio St. 3d at 68. By conceding that Mr. Davis was entitled to credit for that time, the State forfeited its argument that the indicted charges arose from different facts or that it did not know those facts at the time the complaint was filed. Its second assignment of error is overruled.
 IMPROPER EVIDENCE {¶ 10} The State's third assignment of error is that the trial court incorrectly relied on a police report that had not been admitted into evidence in its determination that the charges filed in the complaint and indictment arose from the same facts and circumstances. Because the State conceded that Mr. Davis was entitled to credit for the time the complaint was pending, any error made by the trial court in determining that the charges arose from the same facts and *Page 5 
circumstances was harmless. See Crim. R. 52(A). The State's third assignment of error is overruled.
 OPEN COURT {¶ 11} The State's fourth assignment of error is that the trial court incorrectly determined that the time between when the complaint was dismissed and Mr. Davis's arrest on the indictment counted toward the speedy trial deadline. It has argued that, because Mr. Davis did not know about the charges pending against him between May 7, 2007, and November 1, 2007, that time period should not count toward the deadline.
 {¶ 12} When charges are dismissed, the time between the dismissal and a subsequent indictment on the same conduct does not count toward the speedy trial deadline. In State v. Bonarrigo, 62 Ohio St. 2d 7, 11
(1980), the Ohio Supreme Court held that, "where a prosecutor obtains a felony indictment, based upon the same conduct as was a previously nolled, lesser-included misdemeanor charge, the time within which the accused shall be brought to trial . . . consists of whatever residue remains from the 270-day period set forth in R.C. 2945.71(C) after deducting the speedy trial time expended prior to the nolle prosequi." In State v. Broughton, 62 Ohio St. 3d 253, syllabus (1991), the Supreme Court held that "the time period between the dismissal without prejudice of an original indictment and the filing of a subsequent indictment, premised upon the same facts as alleged in the original indictment, shall not be counted unless the defendant is held in jail or released on bail. . . ."
 {¶ 13} The trial court rejected the State's argument because the complaint was not dismissed until after the indictment was filed. Because "criminal charges stemming from the arrest [were] pending, in one form or another, against [Mr. Davis]" from the date of his January 2007 arrest, it concluded that the speedy trial period for the indictment ran from the date of that *Page 6 
arrest. The court did not appear to consider that Mr. Davis did not know about the indictment until he was arrested in November 2007.
 {¶ 14} Section 2945.71(C)(2) provides that "[a] person against whom a charge of felony is pending: . . . [s]hall be brought to trial within two hundred seventy days after the person's arrest." Although Mr. Davis was in custody at the time the indictment was filed, he was being held for violating his post-release control sanctions, not on the indictment. He was not served with the indictment while he was incarcerated and was released after serving his 120-day sentence. He was not arrested on the indictment until November 2007. This Court, therefore, concludes that, if the dismissal of the complaint was valid, then the time period between its dismissal and Mr. Davis's arrest on the indictment does not count toward the speedy trial deadline. See State v. Broughton,62 Ohio St. 3d 253, syllabus (1991); State v. Bonarrigo, 62 Ohio St. 2d 7, 11
(1980).
 {¶ 15} Rule 48(A) of the Ohio Rules of Criminal Procedure provides that "[t]he state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate." Similarly, Section 2941.33 of the Ohio Revised Code provides that "[a] prosecuting attorney shall not enter a nolle prosequi in any cause without leave of the court, on good cause shown, in open court. A nolle prosequi entered contrary to this section is invalid." "[T]he term `open court' means that court is in session and the judge is on the bench." State v. Monroe, 4th Dist. No. 99CA632, 2000 WL 807228 at *5 (June 14, 2000) (citing Linden v. BatesTruck Lines Inc., 4 Ohio App. 3d 178, 180 (1982)).
 {¶ 16} In Monroe, the Grand Jury indicted Monroe for involuntary manslaughter, but the State dismissed the case after a few months.Id. at *1. Nearly a year later, it charged Monroe with vehicular homicide for the same death. Id. Monroe moved to dismiss the new case on *Page 7 
speedy trial grounds, arguing that the dismissal of the first case was invalid and that the same deadline applied to both. Id.
 {¶ 17} The Fourth District noted that, "[i]n most cases, [a] defendant is not prejudiced by the dismissal of charges against him, and dismissal may be entered in chambers, or by entry, with the knowledge of defendant, or defendant's counsel. However, where a nolle prosequi is entered before a jury is sworn, a defendant has not been placed in jeopardy, and another prosecution for the same offense is permissible."Id. at *2. He, therefore, "remains under the threat of future prosecution." Id. It also noted that a defendant may "wish to proceed with trial because he feels his defense will prevail." Id.
 {¶ 18} The court noted that Monroe had not received any notice that a motion to dismiss had been filed and that there had been no hearing on the motion. Id. at *3. It determined that, although a "criminal defendant, upon notice of the state's motion to dismiss, may . . . waive any hearing and accept the dismissal of the indictment[,] . . . he retains the right to a hearing on the state's motion, and may request the trial court to direct the state to proceed to trial." Id. at *6. It concluded that, because Monroe did not receive notice or a hearing, the attempted dismissal of the involuntary manslaughter charge was null and void. Id.
 {¶ 19} The State has argued that, because the dismissal of the complaint was pre-indictment, Rule 48(A) does not apply. The rule applies, however, to "an entry of dismissal of an indictment, information, or complaint[.]" Crim. R. 48(A). Section 2941.33, meanwhile, applies to "any cause." R.C. 2941.33.
 {¶ 20} The trial court found that the State did not file a written motion to dismiss the complaint and that Mr. Davis did not receive notice of the State's oral motion. The State has not contested those findings. This Court, therefore, concludes that the dismissal of the complaint did *Page 8 
not meet the "open court" requirements of Section 2941.33 and Rule 48(A). See State v. Sutton, 64 Ohio App. 2d 105, 107 (1979) ("While a hearing in chambers will, in our judgment, satisfy the open court requirement of both the rule and the statute, the lack of a hearing runs afoul of both."). Because the dismissal of the complaint was invalid, the trial court correctly determined that the speedy trial deadline for the indicted charges ran from the time Mr. Davis was arrested in January 2007. The State's fourth assignment of error is overruled.
 SPEEDY TRIAL {¶ 21} The State's first assignment of error is that the trial court incorrectly granted the motion to dismiss because no speedy trial violation occurred. It has argued that it had 270 days to try Mr. Davis and that the clock did not start until it served him with the indictment on November 1, 2007.
 {¶ 22} "When reviewing the State's claim that the trial court erred in granting [a] motion to dismiss based on speedy trial grounds, this Court applies [a] de novo standard of review to questions of law." State v.Peek, 9th Dist. Nos. 06CA0054, 06CA0057, 2007-Ohio-2674, at ¶ 7. The parties agree that, because the charges levied against Mr. Davis were felonies, he had to be brought to trial within 270 days. See R.C. 2945.71(C)(2); State v. Blackburn, 118 Ohio St. 3d 163, 2008-Ohio-1823, at ¶ 11. "For purposes of calculating speedy-trial time pursuant to R.C. 2945.71(C), a charge is not pending until the accused has been formally charged by a criminal complaint or indictment, is held pending the filing of charges, or is released on bail or recognizance." State v.Azbell, 112 Ohio St. 3d 300, 2006-Ohio-6552, at syllabus.
 {¶ 23} The State arrested and served Mr. Davis with the indictment on November 1, 2007. The trial court concluded, however, that, because the charges were based on the same *Page 9 
facts as the January 2007 complaint, the speedy trial period ran from the date of the complaint instead. As this Court has noted, that determination was correct.
 {¶ 24} When Mr. Davis was released on February 7, 2007, he had 18 days of speedy trial credit under Section 2945.71(E). He, therefore, had to be tried within 252 days from that date, which was October 17, 2007. Because he was not tried by that date, the trial court correctly determined that his right to a speedy trial had been violated. The State's first assignment of error is overruled.
 CONCLUSION {¶ 25} Because the charges levied in the complaint and indictment arose from the same facts, and because the State did not properly dismiss the complaint, the speedy trial deadline for the indicted charges ran from the time Mr. Davis was arrested in January 2007. Because Mr. Davis was not tried within 270 days of his arrest, the trial court correctly dismissed the case against him. The judgment of the Lorain County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is *Page 10 
instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. Costs taxed to appellant.
MOORE, P. J. CONCURS.