[Cite as *State v. Nix*, 2023-Ohio-1143.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                :

      Plaintiff-Appellant,      :

                                   No. 111803

      v.                          :

BOBBY NIX, II,             :

      Defendant-Appellee.     :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED, VACATED, AND REMANDED
**RELEASED AND JOURNALIZED:** April 6, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-664358-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen Hatcher, Assistant Prosecuting Attorney, *for appellant*.

Cullen Sweeney, Cuyahoga County Public Defender, and Noelle A. Powell, Assistant Public Defender, *for appellee*.

EILEEN A. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from the trial court's dismissal of the indictment against defendant-appellee Bobby Nix, II. The state contends that the trial court abused its discretion in dismissing the indictment with

prejudice. For the reasons that follow, we reverse the trial court and remand with instructions to vacate the dismissal with prejudice and enter a dismissal without prejudice.

**Procedural History and Factual Background**

{¶ 2} On October 25, 2021, a Cuyahoga County Grand Jury indicted Nix on four counts: one count of rape in violation of R.C. 2907.02(A)(2), two counts of gross sexual imposition in violation of R.C. 2907.05(A)(1) and one count of kidnapping in violation of R.C. 2905.01(A)(4). All of the counts included a sexually violent predator specification. The kidnapping count also included a sexual motivation specification. The charges related to the alleged sexual assault of J.M. on or about October 10, 2021. At the time of the alleged assault, J.M. was 16 years old.

{¶ 3} Nix was arraigned on October 28, 2021 and released on bond. A jury trial was scheduled for August 1, 2022.

{¶ 4} On the morning of trial, the state advised the trial court that it was "not prepared to go forward"[1] and moved to dismiss the case without prejudice. In response, defense counsel argued that the case be dismissed with prejudice because Nix had been under indictment in the case for over nine months, "it appears as though the complaining witness in this case has chosen not to participate" and it would be "prejudicial" "[t]o allow this to hang over Mr. Nix's head indefinite[ly]."

---

[1] Although the state asserts in its appellate brief that "[o]n the day of trial, the victim failed to appear," there is nothing in the record to indicate that the state issued any witness subpoenas for trial — for the alleged victim or anyone else.

{¶ 5} When asked by the trial court to provide "further information" regarding why it was not prepared to go forward as scheduled, the state explained that it was experiencing "difficulties in having contact with the minor victim because of intervention by the adult guardian," J.M.'s sister. The state indicated that, due to her guardian's intervention, it had been unable to contact J.M. to "discuss this case and how we would prepare" and stated it had also "sent officers to go try to have contact with the victim" but had "received pushback" from her guardian. The state explained that it could not "go forward" with the case without J.M. but that it did not believe that "it is entirely the victim due to her age that is avoiding having contact with us." The state requested a dismissal without prejudice so that it could "further review[]" the case "at a later date," after J.M. turned 18[2] and the state was no longer required to go through her guardian to talk to her:

> We believe that when the child reaches an age of majority here in the state of Ohio that we will have an opportunity to have a better conversation and may lead to us not further pursuing the case — our case right now is based on police reports, interviews with the child at the time by detectives, but the case cannot move forward without the victim present.

{¶ 6} The trial court responded:

> THE COURT: So what I'm hearing is that the person who is in a position to determine what's in the best interest of the child has determined that it is not in the best interest of the child to participate in this matter, and what the State is saying that you want to wait until such time as the child is of legal age and then you can talk to a very young child who is 18 years old, is that what I'm hearing? * * * I'm having a problem with that whole scenario with regards to the State.

---

[2] According to the state, J.M. would turn 18 in October 2022.

I have got a guardian who is in a position to determine what is in the best interest of the child and has made that very, very clear. Dismissed with prejudice[.]

{¶ 7} The state appealed, raising the following sole assignment of error for review:

The trial court erred when it dismissed Appellee's case with prejudice in the absence of a statutory or constitutional violation that would bar further prosecution.

**Law and Analysis**

{¶ 8} The state argues that the trial court abused its discretion in dismissing the case with prejudice because the trial court "failed to identify the constitutional or statutory right that [Nix] was denied, as required for a dismissal with prejudice" and it is "well-established that a dismissal with prejudice requires a statutory or constitutional violation that would, in itself, bar prosecution." The state requests that we vacate the dismissal with prejudice and remand the case to the trial court with an instruction to dismiss the case without prejudice.

{¶ 9} Nix responds that the trial court did not abuse its discretion in dismissing the case with prejudice because the reasons the trial court put on the record in support of its dismissal, i.e., its disapproval of the state's plan to overcome its barriers to prosecuting Nix, "were not unreasonable, arbitrary or unconscionable," but "went directly" to J.M.'s "right to have some agency over her role in the case against Mr. Nix," as invoked by her guardian, and her guardian's determination that it was not in J.M.'s best interest to participate in the prosecution. Nix argues that the trial court's dismissal with prejudice should be affirmed because

(1) the trial court "followed Crim.R. 48(B)," (2) "[t]his situation" "involved" J.M.'s constitutional rights under Marsy's Law and Nix's constitutional right to confront the witnesses against him under the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution and (3) the only way to prevent the perceived harm identified by the trial court with respect to the state's plan to further prosecute the case was to dismiss the case with prejudice.

{¶ 10} We review a trial court's decision to dismiss an indictment for abuse of discretion. *See, e.g., State v. Strong*, 8th Dist. Cuyahoga No. 100766, 2014-Ohio-4209, ¶ 7; *State v. Walton*, 8th Dist. Cuyahoga No. 87347, 2006-Ohio-4771, ¶ 4. An abuse of discretion occurs when a trial court's decision is unreasonable, arbitrary or unconscionable. *Cleveland v. Wanton*, 8th Dist. Cuyahoga No. 109828, 2021-Ohio-1951, ¶ 8, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "An abuse of discretion also occurs when a trial court '"applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact."'" *Wanton* at ¶ 8, quoting *S. Euclid v. Datillo*, 2020-Ohio-4999, 160 N.E.3d 813, ¶ 8 (8th Dist.), quoting *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.).

{¶ 11} Crim.R. 48 addresses dismissals in criminal cases. It provides:

(A) Dismissal by the state. The state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate.

(B) Dismissal by the court. If the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal.

{¶ 12} Crim.R. 48(B) does not, in and of itself, limit the reasons for which a trial court may dismiss a case. Crim.R. 48(B); *see also State v. Hollins*, 8th Dist. Cuyahoga No. 103864, 2016-Ohio-5521, ¶ 18-22 ("Generally, a court has inherent power to regulate the practice before it and protect the integrity of its proceedings, which includes a court's power to sua sponte dismiss a criminal case. * * * 'The rule does not limit the reasons for which a trial judge might dismiss a case, and we are convinced that a judge may dismiss a case pursuant to Crim.R. 48(B) if a dismissal serves the interest of justice.'"), quoting *State v. Busch*, 76 Ohio St.3d 613, 615, 669 N.E.2d 1125 (1996). The rule simply requires that the trial court "state on the record its findings of fact and reasons for the dismissal." Crim.R. 48(B). However, a trial court "does not have the authority to dismiss a criminal complaint, charge, information, or indictment solely at the request of the complaining witness and over the objection of the prosecuting attorney or other chief legal officer who is responsible for the prosecution of the case." R.C. 2931.03.

{¶ 13} Crim.R. 48 likewise does not indicate when a case may be dismissed with prejudice as opposed to without prejudice. Concerning dismissals with prejudice, this court has repeatedly stated that a trial court may dismiss a case with prejudice only where there is a deprivation of a defendant's constitutional or statutory rights, the violation of which would bar further prosecution. *See, e.g., Strong,* 2014-Ohio-4209, at ¶ 9 ("Although Crim.R. 48 allows a trial court to dismiss an indictment, the dismissal may only be made with prejudice where the court finds

that 'the defendant has been denied a constitutional right or statutory right, the violation of which would, in itself, bar prosecution.'"), quoting *State v. Peters*, 8th Dist. Cuyahoga No. 92791, 2009-Ohio-5836, ¶ 12; *Walton*, 2006-Ohio-4771, at ¶ 5 ("'Crim.R. 48(B) does not provide for a dismissal with prejudice; the court has the inherent power to dismiss with prejudice only where it is apparent that the defendant has been denied a constitutional or statutory right, the violation of which would, in itself, bar prosecution.'"), quoting *Fairview Park v. Fleming*, 8th Dist. Cuyahoga Nos. 77323 and 77324, 2000 Ohio App. LEXIS 5714, 7 (Dec. 7, 2000), citing *State v. Dixon*, 14 Ohio App.3d 396, 471 N.E.2d 864 (8th Dist.1984).

{¶ 14} The Ohio Supreme Court recently addressed the issue of when a trial court can properly dismiss an indictment with prejudice in *State v. Troisi*, Slip Opinion No. 2022-Ohio-3582. In that case, the court held that the trial court properly dismissed an indictment where the state had failed to properly identify the "nature and cause of the accusation" against the defendants in violation of their constitutional right to due process. *Id.* at ¶ 1, 20, 38. The court held, however, that the trial court had erred in dismissing the indictment with prejudice because there had been no violation of the defendant's constitutional or statutory rights that would bar further prosecution. *Id.* at ¶ 40, 44. The court explained:

> Here, the trial court erred when it dismissed the indictment with prejudice. "It has been held that 'since neither Crim.R. 48(A) nor Crim.R. 48(B) expressly provides for a dismissal with prejudice, a dismissal * * * with prejudice may be entered only where there is a deprivation of a defendant's constitutional or statutory rights, the violation of which would, in and of itself, bar further prosecution.'" *State v. Mills*, 11th Dist. Trumbull Nos. 2020-T-0046 and 2020-T-

0047, 2021-Ohio-2722, ¶ 6, quoting *State v. Jones*, 2d Dist. Montgomery No. 22521, 2009-Ohio-1957, ¶ 13; *see also State v. Sutton*, 64 Ohio App.2d 105, 108, 411 N.E.2d 818 (9th Dist.1979). Although appellants' constitutional rights are involved here, the state could reindict appellants and further prosecution would not be barred. Dismissals with prejudice are more appropriate for cases involving the deprivation of a defendant's rights to a speedy trial or against double jeopardy, which would preclude further proceedings. *See State v. Michailides*, 2018-Ohio-2399, 114 N.E.3d 382, ¶ 37 (8th Dist.); *State v. Dunn*, 8th Dist. Cuyahoga No. 101648, 2015-Ohio-3138, ¶ 22.

*Troisi* at ¶ 40. The court remanded the case to the trial court with instructions to vacate its dismissal with prejudice and enter a dismissal without prejudice. *Id.* at ¶ 44.

{¶ 15} Here, there is nothing in the record to indicate that any statutory or constitutional right was violated that would bar further prosecution of Nix. Nix makes no such claim, and the trial court made no such finding.

{¶ 16} Although the trial court made no mention of any statutory or constitutional right when dismissing the case, Nix argues that the trial court nevertheless acted within its discretion in dismissing the case with prejudice because "[t]his situation" "involved" J.M.'s constitutional rights under Marsy's Law and Nix's constitutional right to confront the witnesses against him under the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. We disagree.

{¶ 17} Article I, Section 10a of the Ohio Constitution, commonly known as "Marsy's Law," grants crime victims certain rights with respect to criminal cases; however, as stated above, it does not permit crime victims to make decisions

regarding prosecution. *See* R.C. 2931.03; *State v. Hughes*, 2019-Ohio-1000, 134 N.E.3d 710, ¶ 12-14 (8th Dist.) ("Victims are not parties. * * * 'It is not the victim's interests that are being represented in a criminal case, but rather those of the people of the State of Ohio.'"), quoting *State v. Williams*, 7th Dist. Mahoning No. 09 MA 11, 2010-Ohio-3279, ¶ 32.

{¶ 18} The Sixth Amendment to the United States Constitution, binding on the states through the Fourteenth Amendment, provides, in relevant part: "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him." Similarly, Article I, Section 10 of the Ohio Constitution provides: "In any trial, in any court, the party accused shall be allowed * * * to meet the witnesses face to face." "[T]he Ohio Constitution provides no greater right of confrontation than the Sixth Amendment." *In re H.P.P.*, 8th Dist. Cuyahoga Nos. 108860 and 108861, 2020-Ohio-3974, ¶ 20, citing *State v. Arnold*, 126 Ohio St.3d 290, 2010-Ohio-2742, 933 N.E.2d 775, ¶ 12.

{¶ 19} Rights guaranteed under the Confrontation Clause relate to the admissibility of evidence at trial. *See generally Michigan v. Bryant*, 562 U.S. 344, 355, 131 S.Ct. 1143, 179 L.Ed.2d 93 (2011); *Davis v. Washington*, 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). The Confrontation Clause bars the admission of extrinsic evidence of testimonial statements by a declarant who does not testify at trial unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Here, trial did not commence and no testimonial

statements were admitted into evidence. Accordingly, Nix was not denied the right to confront the witnesses against him; Nix's rights under the Confrontation Clause were not violated simply because the alleged victim did not appear for trial nor did trial commence.

{¶ 20} In support of its argument that the trial court abused its discretion in dismissing the case with prejudice, the state cites several cases in which this court previously reversed dismissals with prejudice entered after witnesses failed to appear for trial. *See, e.g., Strong*, 2014-Ohio-4209, at ¶ 4, 6-12; *State v. Knight*, 8th Dist. Cuyahoga No. 93649, 2010-Ohio-3873, ¶ 2-5; *Walton*, 2006-Ohio-4771, at ¶ 2-6; *State v. Steel*, 8th Dist. Cuyahoga No. 85076, 2005-Ohio-2623, ¶ 2-7. Nix responds that this case is "differently situated" from cases in which an alleged victim fails to appear for trial. He contends that the trial court's decision to enter a dismissal with prejudice here was based, not on what had happened in the past, i.e., the alleged victim's failure to appear, but rather, was "forward looking," i.e., based on the trial court's disapproval of the state's articulated strategy for prosecuting the case going forward.

{¶ 21} As detailed above, it is clear from the record in this case that the alleged victim's "failure to appear" was not the sole or primary basis upon which the trial court dismissed the indictment with prejudice. As the trial court explained, it "ha[d] a problem" with the state's plan to wait until the alleged victim was 18 (when the state could contact alleged victim directly and avoid the intervention of her guardian) to discuss prosecution of the case. The trial court assumed that J.M.'s

legal guardian had been acting in J.M.'s "best interest" in refusing, on J.M.'s behalf, to voluntarily participate in the prosecution of Nix and dismissed the case with prejudice as a means of resolving that "problem."[3] Nix has not presented us with any authority that would authorize a trial court to dismiss an indictment with prejudice under similar circumstances.

{¶ 22} Following a thorough review of the record and controlling legal authority, we find that the trial court abused its discretion in dismissing the indictment with prejudice. The state's assignment of error is sustained.

{¶ 23} The trial court's order dismissing the case with prejudice is hereby reversed. The case is remanded to the trial court with instructions to vacate the dismissal with prejudice and enter a dismissal without prejudice.

{¶ 24} Judgment reversed, vacated and remanded.

It is ordered that appellant shall pay the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[3] There are a myriad of reasons why a guardian might "intervene" to thwart the state's efforts to communicate with an alleged minor victim, e.g., the minor's mental health, to allow the minor to put the alleged assault behind her and move on, fear, concerns regarding the truthfulness of the minor's version of events, a distrust of police and the justice system, pressure from others or perhaps even a relationship with the defendant. Although the trial court assumed that J.M.'s legal guardian was acting in her best interest in refusing to cooperate with the state in prosecuting Nix, it is unknown what motivated J.M.'s guardian in this case. There is no indication in the record that the state, the police, the trial court or anyone else inquired why the guardian was "intervening" to preclude the state and police from having contact with J.M. As a result, we can only speculate as to the guardian's motivation here. It is concerning to this court that no one appears to have conducted such an inquiry. Nevertheless, it does not impact the result here.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
MICHAEL JOHN RYAN, J., CONCUR