[Cite as *State v. Cruz*, 2024-Ohio-733.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff- Appellant,        :

                    v.                          :

KEVIN CRUZ,                             :

    Defendant-Appellee.          :

No. 112776

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** February 29, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-667525-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Craig J. Morice, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Robert McCaleb, Assistant Public Defender, *for appellee.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} The state of Ohio sought and was granted leave to appeal the trial court's denial of its motion to quash a subpoena and for protective order ("Motion

to Quash") that allowed appellee Kevin Cruz to call an assistant prosecutor to testify at a pretrial hearing. Because the trial court did not apply the correct standard of law in denying the state's motion and the record before this court does not support the denial of the protective order sought by the state, we reverse the judgment of the trial court and remand.

## RELEVANT FACTS AND PROCEDURAL HISTORY

{¶ 2} On February 8, 2022, Cruz was indicted for five felony offenses: one count of attempted murder with a firearm specification, two counts of felonious assault with firearm specifications, and two counts of improperly handling firearms in a motor vehicle following a January 31, 2022 shooting in Cleveland, Ohio. On August 15, 2022, Cruz entered a plea bargain to one count of felonious assault with a one-year firearm specification. On August 19, 2022, Cruz filed a motion to withdraw his guilty plea, which was granted on August 30, 2022. Thereafter, Cruz filed an affidavit of disqualification of the assigned judge, which was granted by the Ohio Supreme Court. *State v. Cruz (In re Disqualification of Saffold)*, 169 Ohio St.3d 1235, 2022-Ohio-4429, 204 N.E.3d 577.

{¶ 3} The criminal case was transferred to another judge, and trial was set for March 8, 2023, which date was continued to April 24, 2023. On the date of trial, the state served Cruz's attorney with supplemental discovery. Cruz again entered into a plea bargain with the state, but then on April 25, 2023, Cruz moved to withdraw his plea; the state did not oppose the motion. The trial court granted the

motion to withdraw his plea on May 2, 2023. The case was then set for trial on May 19, 2023.

{¶ 4} On May 9, 2023, Cruz's counsel filed a motion to disqualify and appoint a special prosecutor ("Motion to Disqualify") in which he asserted, along with other reasons, that the assistant prosecutor committed misconduct by failing to timely disclose exculpatory evidence, the name of a witness, A.G., who had given police a copy of his home surveillance system recording. On May 18, 2023, the state filed a brief in opposition to the Motion to Disqualify. The trial court cancelled the May 22, 2023 trial date and set a hearing on the Motion to Disqualify instead.

{¶ 5} On the morning of the hearing, Cruz's counsel filed a motion to dismiss arguing that the assistant prosecutor committed misconduct by suppressing the identity of A.G. and the existence of the surveillance video until the April 24, 2023 trial date and that the state allowed A.G.'s original surveillance video to be destroyed. He further argued that by suppressing the evidence, the state intentionally violated his right to a speedy trial.

{¶ 6} The trial court began a hearing on May 22, 2003, on Cruz's motions. Cruz's counsel informed the court he had subpoenaed two witnesses, A.G. and a Cleveland Police Department detective, to testify. He also requested the testimony of the assistant prosecuting attorney assigned to Cruz's case. The state filed a Motion to Quash in which it set forth that there was no subpoena issued to the assistant prosecutor and the legal standard to be used to determine whether a prosecuting attorney may testify in a criminal matter — that the attorney's testimony

is the only evidence available. The state noted that no subpoena had been served on the assistant prosecutor and argued that it would be improper for the assistant prosecutor assigned to the case to testify because this was not the extraordinary case that required her testimony. The state asserted that there were other witnesses who could testify to the issues raised by the Motion to Disqualify.

{¶ 7} Having heard argument from the parties, the trial court recessed the hearing for the morning and ordered the assistant prosecutor to return to the courtroom in the afternoon when the hearing resumed. The trial court further told Cruz's counsel to have a subpoena served on the assistant prosecutor. After the hearing resumed, the trial court heard further argument as to whether the assistant prosecutor should testify. Cruz's counsel acknowledged at the hearing that he never served a subpoena on the assistant prosecutor despite the trial court's order to do so. The trial court ultimately determined that the assistant prosecutor "ought to be subject to subpoena, oral, or otherwise. No prejudice is done, but — to the State, by her awareness that there was high likelihood she would have to testify, and I am not persuaded by the State that the subpoena ought to be quashed or the protection order ought to be granted."

{¶ 8} The state informed the trial court of its intention to appeal the denial of the Motion to Quash. The trial court recessed the hearing and allowed the state time

to appeal its ruling. The state sought leave to appeal the trial court's denial of its Motion to Quash, which leave was granted by this court.[1]

## LAW AND ARGUMENT

## The State's Assignments of Error

{¶ 9} The state filed two assignments of error, which read:

1. The trial court abused its discretion and/or erred as a matter of law in denying the State of Ohio's Motion to Quash Appellee Cruz's subpoena directed to, thereby ordering the Prosecutor assigned to a felony case to testify in said case where the Defendant failed to demonstrate the requisite "extraordinary circumstance and compelling need" to compel the assigned prosecutor to so testify.

2. The trial court abused its discretion and/or erred as a matter of law in ordering the assigned prosecutor prosecuting a criminal case to provide testimony in a pending criminal prosecution based solely upon a baseless assertion made by Defendant's counsel absent an actual subpoena having been filed and served pursuant to Ohio Rule of Criminal Procedure 17.

Because the facts and law raised within these assignments of error overlap, we address them concurrently.

## Final Appealable Order

{¶ 10} Generally, a trial court's denial of a motion to quash and protective order seeking privileged information is a final appealable order. *Am. Environmental Group, Ltd. v. H.M. Miller Constr. Co.*, 8th Dist. Cuyahoga No. 100854, 2014-Ohio-4681, ¶ 12-15 (denial of motion to quash subpoena seeking privileged material is

---

[1] Cruz's trial counsel did not appear in these proceedings. This court appointed the Cuyahoga County Public Defender to represent Cruz for the purposes of this appeal only.

final appealable order). The failure to serve a subpoena raises for this court an issue of whether the denial of the Motion to Quash is a final appealable order.

{¶ 11}Most often a party seeks to quash a subpoena or move the court for a protective order only after being served with a subpoena. But in this case, Cruz's counsel never served a subpoena on the assistant prosecutor before the hearing date, despite issuing subpoenas for witnesses he intended to call, nor did counsel serve a subpoena after being ordered to do so by the trial court. Despite this failure to serve a subpoena, the trial court nevertheless heard argument on the state's Motion to Quash.

{¶ 12} In resolving the state's motion, the trial court stated that the assistant prosecutor "ought to be subject to subpoena, oral, or otherwise." Our research of Ohio law does not provide support for the existence of an "oral subpoena." *See, e.g., State ex rel. Ghoubrial v. Herbert*, 10th Dist. Franklin No. 15AP-470, 2016-Ohio-1085, ¶ 11 (Trial court could not verbally order nonparty to testify at deposition without a subpoena being served.).

{¶ 13} In this matter however, despite no subpoena being served, the trial court ordered the assistant prosecutor to appear and give testimony. Although the trial court put the cart before the horse procedurally by holding a hearing to quash a subpoena that was never served, we find the record reflects that the trial court did order the assistant prosecutor to attend a hearing and testify. As such, we find that denial of the state's Motion to Quash to be a final appealable order.

**Standards of Review and Applicable Law**

{**¶ 14**} A trial court's decision to deny a motion to quash or deny a protective order is reviewed for an abuse of discretion. *In re J.F.*, 6th Dist. Huron No. H-10-002, 2010-Ohio-4385, ¶ 9. A court abuses its discretion when it "exercises its judgment in an unwarranted way regarding a matter over which has discretionary authority." *State v. McFarland*, 8th Dist. Cuyahoga No. 111390, 2022-Ohio-4638, ¶ 20, citing *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. "'In other words, [a] court abuses its discretion when a legal rule entrusts a decision to a judge's discretion and the judge's exercise of that discretion is outside of the legally permissible range of choices.'" *Id.* at ¶ 20, quoting *State v. Hackett*, 164 Ohio St.3d 74, 2020-Ohio-6699, 172 N.E.3d 75, ¶ 19. Additionally, a court abuses its discretion when it "'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.'" *S. Euclid v. Datillo*, 2020-Ohio-4999, 160 N.E.3d 813, ¶ 8 (8th Dist.), quoting *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.); *State v Nix, II*, 8th Dist. Cuyahoga No. 111803, 2023-Ohio-1143, ¶ 10.

{**¶ 15**} Attorneys engaged in the prosecution of a case are prohibited from acting as both a witness and advocate in the same proceeding. *In re Carney*, 8th Dist. Cuyahoga No. 110034, 2021-Ohio-1819, ¶ 27, citing Prof.Cond.R. 3.7(A). However, where there exist exceptional circumstances and there are no other means of presenting relevant and material evidence, a prosecuting attorney may offer testimony in a criminal case in which she is engaged. As explained by the Ohio Supreme Court:

In *State v. Coleman* (1989), 45 Ohio St.3d 298, 544 N.E.2d 622, paragraph two of the syllabus, we held, "A prosecuting attorney should avoid being a witness in a criminal prosecution, but where it is a complex proceeding and substitution of counsel is impractical, and where the attorney so testifying is not engaged in the active trial of the cause and it is the only testimony available, such testimony is admissible and not in violation of DR 5-102." *See, also, United States v. Johnston* (C.A.7, 1982), 690 F.2d 638, 644 (prosecutor's testimony may be permitted in extraordinary circumstances and for compelling reasons, usually where the evidence is otherwise unavailable).

*State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶ 106.

## The Trial Court Did Not Apply the Correct Standard of Law

{¶ 16} A review of Cruz's Motion to Disqualify, Motion to Dismiss, and the transcript of the hearing reveals Cruz sought to disqualify the Cuyahoga County Prosecuting Attorney's Office and have his case dismissed because he alleged the assistant prosecutor assigned to his case withheld exculpatory evidence, that the police allowed for the destruction of exculpatory evidence, and that the assistant prosecutor and police were in conflict because the gun Cruz used in the shooting was previously owned by a city of Cleveland police officer. In arguing the necessity of the assistant prosecutor's testimony, Cruz's counsel argued that the "gravamen" of his motions was that the assistant prosecutor intentionally withheld evidence and he did not "think there is anybody else that can testify but [the assistant prosecutor] about what she did." Based on these arguments, the trial court ordered the assistant prosecutor to be present and provide testimony.

{¶ 17} However, the trial court did not consider on the record, nor was evidence presented, that the assistant prosecutor's testimony was the only evidence

available. *Coleman, supra.* The record in this case reveals Cruz had available testimony in support of his motions on the issue of the surveillance video from A.G., the owner of the surveillance system, who would presumably be able to testify as to the dates, times, and manner in which the Cleveland Police Department obtained his video and how it was transmitted to the police. Cruz further had the testimony of the Cleveland Police detective to testify as to the receipt, storage, and delivery of A.G.'s video to the prosecutor's office.[2] Further, the dates of the state's discovery responses and a description of the contents were filed on the docket. Moreover, the specific content of the discovery responses was available to present to the trial court.

{¶ 18} The trial court was aware of the legal standard in denying the state's motion seeking to prevent the testimony of the assistant prosecutor, but denied the motion "in an abundance of caution." However, the legal standard announced by the Ohio Supreme Court in *Coleman* and iterated in *Conway* is not just one of caution, but rather to determine whether the prosecuting attorney's testimony is "the only testimony available." *Coleman*, 45 Ohio St.3d 298, 544 N.E.2d 622, at paragraph two of the syllabus; *In re J.F.*, 6th Dist. Huron No. H-10-002, 2010-Ohio-4385, at ¶

---

[2] Given that these witnesses were available and prepared to testify, the trial court could have heard their testimony before proceeding on hearing the state's Motion to Quash a subpoena that was never served. Had the trial court done so, the record may have contained information upon which it could have determined whether the assistant prosecutor's testimony was the only testimony available on the issues raised by Cruz. Nonetheless, the record is devoid of that information and we address the issues raised within the appeal on the record presented.

12 ("We further note that the record clearly reflects the availability of multiple other witnesses to testify, who were not subject to the conflict of interest of simultaneously serving as counsel of record, to the same meetings which the prosecutor attended."); *State v. Pettit*, 1st Dist. Hamilton No. C-980261, 1999 Ohio App. LEXIS 53, 25-26 (Jan. 15, 1999) (affirming denial of request for prosecutor's testimony where defendant had other witnesses to testify to issue). The trial court did not find that the assistant prosecutor's testimony was the only testimony available on the issue raised.

{¶ 19} Applying the standard in *Coleman* as to whether the assistant prosecutor's testimony was the only testimony available, our review of the record precludes a finding that the assistant prosecutor's testimony was the only testimony available to Cruz in support of his motions.[3] Accordingly, we find that on the record before us, the trial court abused its discretion. The first and second assignments of error are sustained.

## CONCLUSION

{¶ 20} In ruling on the Motion to Quash, the trial court did not apply the correct legal standard to determine whether the assistant prosecutor's testimony was the only evidence available to Cruz in support of his motions. The record did not support such finding were there were other witnesses to testify about the collection,

---

[3] We recognize that upon remand the trial court may hear testimony and receive evidence at hearing that might allow for a finding pursuant to *Coleman* that the assistant prosecutor's testimony is, in fact, the only testimony available.

storage, and transmission of the evidence alleged to be withheld, as well as records of what evidence was provided in discovery. Because the trial court did not find that the assistant prosecuting attorney's testimony was the only testimony available, it abused its discretion by denying the Motion to Quash.

{¶ 21} Judgment reversed, and case remanded for further proceedings.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
MARY EILEEN KILBANE, J., DISSENTS (WITH SEPARATE OPINION)


MARY EILEEN KILBANE, J., DISSENTING:

{¶ 22} I respectfully dissent from the majority's decision to reverse the trial court's denial of the state's motion to quash a subpoena and for protective order. I disagree with the majority's holding that the trial court did not apply the correct standard of law.

{¶ 23} It is an extremely high burden to find that the trial court abused its discretion. Under these unique facts and circumstances, where the trial court has

presided over these proceedings, the record is devoid of anything to satisfy this burden.

{¶ 24} The standard articulated in *State v. Coleman* is that while a prosecuting attorney should avoid being a witness in a criminal prosecution, such testimony is admissible where it "is the only testimony available." *State v. Coleman*, 45 Ohio St.3d 298, 544 N.E.2d 622 (1989), paragraph two of the syllabus. The majority concludes that the trial court did not consider on the record, nor was there evidence presented, as to whether the assistant prosecuting attorney's testimony was the only evidence available. To the contrary, the record reflects that defense counsel explicitly argued that the assistant prosecuting attorney's testimony was the only testimony available as to whether or not her office withheld evidence. Further, the record reflects that the state attempted to rebut this argument by pointing, as the majority does, to the additional witnesses that defense counsel wished to call.

{¶ 25} We review the trial court's decision here for an abuse of discretion. While applying the wrong legal standard, or misapplying the correct legal standard, can constitute an abuse of discretion, an appellate court's disagreement with the application of the correct legal standard does not amount to an abuse of discretion. Although the majority holds that the trial court did not apply the correct standard of law, it goes on to perform its own analysis of whether the testimony in question was the only testimony available. It is not the function of this court to second-guess a trial court's decision, especially in a case such as this, where the trial court was

significantly more familiar with the nature of the proceedings and the arguments on the motion to quash the subpoena.

{¶ 26} Although the trial court did not recite the exact language from *Coleman* in ruling on the state's motion, a review of the record shows that the trial court considered whether the testimony in question was "the only testimony available." Whether this court agrees or disagrees with the conclusion of the trial court, nothing about the conclusion was unreasonable, arbitrary, or capricious, and the trial court applied the correct legal standard in ruling on the motion.

{¶ 27} For these reasons, I respectfully dissent.